EQUITY MUTUAL LIFE INSURANCE COMPANY, A CORPORATION, RESPONDENT, v. KROGER GROCERY & BAKING COMPANY ET AL., APPELLANTS.—175 S. W. (2d) 153.

Kansas City Court of Appeals. October 7, 1943.

6

*Rubey M. Hulen* for Hermann Produce Exchange Cooperative Association.

*Tom J. Stubbs* for C. M. Bassman and Betty Bassman, doing business as Hermo Theater.

*Hogsett, Trippe, Depping & Houts* for Kroger Grocery & Baking Company and Gasconade Power Company.

*Mosman, Rogers, Bell & Conrad* for United Telephone Company and Herman Lumber Company.

*Julian E. Smith, Watson, Ess, Groner, Barnett & Whittaker, Carl E. Engass* and *Douglas Stripp* for respondent.

SHAIN, P. J.—In this action the plaintiff seeks contribution from the defendants for monies paid out by plaintiff which is alleged to have been paid out by it on behalf of said defendants.

This action for contribution arises out of an award by the Workmen's Compensation Commission in the case of Hugo Schultz v. Moerschel Products Company, employer, and Equity Mutual Insurance Company, said insurance company being the plaintiff herein.

The Moerschel Products Company appealed from the award made by the commission to the circuit court, wherein there was a judgment upholding the award, and thereafter said Moerschel Products Company appealed from the judgment of the circuit court and the appeal came to this court and this court affirmed the judgment of the circuit court. [See Hugo Schultz v. Moerschel Products Company, 142 S. W. (2d) 105.]

The facts and issues involved in Schultz v. Moerschel Products Company case are fully set forth in the opinion, *supra,* and we will not undertake herein to restate in detail. Sufficient to an understanding of the review of the case before us is the fact that Schultz was employed as a night watchman by approximately sixty corporations and business concerns located in the municipality of Hermann, Missouri. The parties concerning themselves with the employment of a night watchman conferred with and cooperated with the city authorities of Hermann, Missouri, to the end that the night watchman be granted an officer's commission and could carry a gun and have authority to make arrests. Under the condition of employment, each corporation or business firm agreed to pay $1 per month and the city, for certain duties to be performed by the watchman, also contributed to Schultz's pay.

The Moerschel Products Company and the six defendants herein were the only ones of the total number of the concerns employing Schultz who were operating under the provisions of the Missouri Workmen's Compensation Act.

Schultz filed claim with the Workmen's Compensation Commission and an award in accordance with that act was made in favor of Schultz. The plaintiff herein was the insurer for the Moerschel Products Company and plaintiff, prior to the bringing of this suit, had duly met and paid to Schultz and on his behalf all amounts due to Schultz to the date this suit was brought.

This action by plaintiff is based upon the provisions of Section 3697 of the Missouri Workmen's Compensation Act.

Sec. 3697 of the act is as follows:

"Sec. 3697. Employer's Liability may be joint and several—contribution allowable.—If the injury or death occurs while the employee is in the joint service of two or more employers, their liability shall be joint and several, and the employee may hold any or all of such employers. As between themselves such employers shall have contribution from each other in the proportion of their several liability for the wages of such employee, but nothing in this chapter shall prevent such employers from making a different distribution of their proportionate contributions as between themselves."

We find no Missouri court decision which attempts to give any general construction of Section 3697, *supra*. In Grote et al. v. Monward Realty Co., 96 S. W. (2d) 660, we find brief comment upon one phase of the provisions of this section and we will discuss and apply same *ante*. However, we find no Missouri case attempting to interpret said section on the right of contribution provided for in this section.

Many of the provisions of the Workmen's Compensation Act have been construed in judicial opinions of this State and in giving construction herein, for the purpose of review of the issues, we deem it necessary to briefly review the scope and purposes of the act as gleaned from its language and in connection with construction given in previous opinions. This to the end that our construction of the provisions of Section 3697 may harmonize with authoritative constructions which have preceded.

The Supreme Court of Missouri, in passing upon the constitutionality of the act, DeMay v. Liberty Foundry Co., 37 S. W. (2d) 640, 327 Mo. 495, stated that the act creates entirely new rights or remedy in favor of an employee or his dependents, provided, however, that the employee elects to accept same.

It is further held that all rights and remedies of the employee, electing to come under the act, are supplanted except those not provided for by the act. The above opinion holds the act constitutional on the ground that it is elective and affords remedy for injury occasioned without fault or negligence, and further upon the doctrine that generally one may waive his constitutional right when public policy is not involved.

Our court opinions are uniform in holding that the rights or remedies provided for in the act appertain only to the relationship of master and servant or, in modern parlance, between employee and employer and dependents. The purpose behind the act is to the end of adjustment of matters growing out of and incident to the relationship of master and servant. One who carefully reads the act is impressed with the legislative intent of utility and expediency in the adjustment of matters incident to employment.

The act is declared to be a code within itself, and a legislative agency or commission is set up for the administration of the code. This agency or commission is peculiarly a fact finding body that has

no judicial power and provision is made to give the award of the commission the status of a judgment by the action of the judiciary, either by direct application or often in court review on appeal. However, our courts are given but restricted powers of review. The Workmen's Compensation Act, however, provides for judicial determination of matters beyond the scope of its delegated powers, and Section 3697 of the act expressly provides for judicial determination of contribution of awards made by the commission wherein there is joint employment by two or more employers.

Section 3697 gives right to an employee of joint employers to proceed against one or all of the joint employers and provides contribution from those not proceeded against by the employee.

Schultz, the employee herein, chose to and did proceed against the Moerschel Products Company and, as before stated, the plaintiff herein having paid award, brings this action.

Under the provisions of Section 3715 of the Workmen's Compensation Act, employers under the act who have insurance are only secondarily liable as to awards made and the insurance company is primarily liable. The plaintiff herein, the insurer of Moerschel Products Company, being primarily liable to employee Schultz, having paid the award, is a proper plaintiff herein to enforce any right it may have under the provisions of Section 3697.

The plaintiff filed this action in the Circuit Court of Jackson County, Missouri, on January 7, 1940. Suffice it here to say, the plaintiff's petition alleges every essential element constituting a statement of cause of action entitling it to recover from the defendants herein, such sums in contribution, if any, as it is entitled to recover, if so, under the express terms of Section 3697 of the Workmen's Compensation Act.

The eighth and ninth paragraphs of plaintiff's petition are in words and figures as follows:

"8. Plaintiff has incurred and paid reasonable expenses in the sum of $1,160.34 for said investigation and defense and, to the date upon which this petition is filed, has paid compensation at the rate of $8.77 per week, totaling $1,804.09, has paid medical expense of $727, and will in the future be required to pay under said judgment the sum of $8.77 per week for the balance of four hundred weeks, or a total weekly compensation of $3,508, and plaintiff is therefore entitled to a decree directing each of the defendants to reimburse plaintiff in an equal proportionate part of said sums so paid by it, with interest, and to continue to reimburse plaintiff in the future for the remaining compensation due under said judgment as the same is paid by plaintiff.

"9. Plaintiff's right to the contribution sought herein is a subject of equitable cognizance and plaintiff is further entitled to relief in equity for the reason that it has no full, complete and adequate remedy at law in that, at law, it could not now recover judgment for payments

of compensation accruing in the future under said compensation judgment, but would be required to file separate suits for separate installments or groups of installments past due, against each defendant, so that plaintiff is entitled to relief in equity in order that it may have a full, complete and adequate remedy and in order that it may avoid a multiplicity of action.

"Wherefore, plaintiff prays the Court for its decree establishing its right to contribution from defendants and each of them, respectively, as provided by the Missouri Workmen's Compensation law, and requiring defendants to contribute and pay to plaintiff their respective proportionate shares of expenses and compensation already paid by plaintiff, with interest thereon, and to contribute proportionately to the payments of compensation falling due in the future under the judgment herein referred to, and for costs and such other relief as to the Court may seem meet and proper."

All defendants joined issue by separate answer. However, these answers conform in allegations of defense as follows:

"Further answering this defendant states that Hugo Schultz never at any time made any claims upon this defendant for compensation for his alleged injury and did not at any time file any claim against this defendant for compensation within the time or as required by Section 3727, Revised Statutes of Missouri, 1939, nor was any such claim made or filed by anyone for him or in his behalf, and therefore, this defendant pleads said Section 3727 in bar of this action.

"Further answering this defendant denies the judgment in the case of Hugo Schultz v. Moerschel Products Company, pleaded by the plaintiff, is binding upon this defendant for the reason that this defendant was not a party to said action.

"Further answering this defendant alleges that the plaintiff and the Moerschel Products Company permitted an erroneous judgment to be rendered against the Moerschel Products Company in the case of Hugo Schultz v. Moerschel Products Company, pleaded in plaintiff's petition herein, in that the only legal basis for an award of compensation as to amount against Moerschel Products Company was on wages earned and on which compensation could be computed not to exceed Seven Dollars ($7) per month, whereas plaintiff and Moerschel Products Company permitted compensation to be erroneously computed on a basis of wages earned of Fifty-seven Dollars ($57) per month, and therefore, the plaintiff is not entitled to exact contribution from this defendant for any judgment which it erroneously permitted to be entered against it."

The cause was heard by the court and, at the close of the evidence, the judgment was for plaintiff, and the judgment rendered was in words and figures as follows:

"Now on this 21st day of January, 1942, this cause having come on to be heard upon the petition, answers and reply, and the proofs

taken, therein and having been argued by counsel for the respective parties and the court having duly considered same doth find that on and prior to January 29, 1938, plaintiff was the duly qualified and licensed insurer of the Workmen's Compensation Liability in Missouri of Moerschel Products Company; that on and prior to said date said Moerschel Products Company and the defendants Kroger Grocery & Baking Company, a corporation; Gasconade Power Company, a corporation, Hermann Produce Exchange Cooperative Association, a corporation; Hermann Lumber Company, a corporation; United Telephone Company, a corporation; and C. M. Bassman and Betty Bassman, co-partners, doing business as Hermo Theatre, were employers operating under and subject to the statutes of Missouri known as the Workmen's Compensation Commission law; that on and prior to said date one Hugo Schultz was in the joint service of said Moerschel Products Company and of said defendants; that on said date said Schultz suffered injuries by accident arising out of and in the course of his employment in the joint service of said *employer,* while he also was working under and subject to said compensation law; that said employee in due time filed with the Missouri Workmen's Compensation Commission a claim for compensation for such injuries and prosecuted the same to final judgment against said Moerschel Products Company and against plaintiff herein as insurer of said employer, which said judgment awarded said injured employee compensation in the sum of $8.77 per week for 400 weeks and also awarded him medical aid in the sum of $676.50; that the defendants herein named and said Moerschel Products Company were the only employers operating under and subject to said Workmen's Compensation law in whose service said Hugo Schultz was employed and that plaintiff, being primarily liable for said judgment in favor of said Hugo Schultz and being also *subrogated* to the right of said Moerschel Products Company, is entitled both in equity and under said compensation law to have contribution from defendants; that said Moerschel Products Company and said defendants each paid the same weekly wage to said Hugo Schultz, the proportion of their several liabilities for his wages and for compensation was equal and the proportion of their contributions should be equal; that plaintiff has incurred and paid reasonable and necessary expenses in the sum of $1,160.34 in the investigation and defense of said claim for compensation which were of value to defendants, has paid medical expenses of said Hugo Schultz under said compensation law and said judgment in the sum of $727 and has paid compensation under said law and said judgment at the rate of $8.77 per week for the period ending November 1, 1941, inclusive, totaling $1,804.90, and will in the future be required to pay under said compensation judgment the sum of $8.77 per week for the balance of 400 weeks; and that plaintiff has no full, complete and adequate remedy at law; and the court doth thereupon

"Order, adjudge and decree that plaintiff is entitled to contribution from defendant Kroger Grocery & Baking Company, a corporation; defendant Gasconade Power Company, a corporation; defendant Hermann Produce Exchange Cooperative Association, a corporation; defendant Hermann Lumber Company, a corporation; defendant United Telephone Company, a corporation, and defendants C. M. Bassman and Betty Bassman together, in the proportion of one-seventh each on account of said compensation, medical expense and investigation, and defense expense, being the sum of $257.72 cents each on account of compensation paid by plaintiff up to and including November 1, 1941, and the sum of $103.85 each on account of medical expense, and the sum of $165.76 each on account of investigation and defense expense, or a total of $527.33 each which sum each of said defendants shall pay to plaintiff at once.

"The court doth further order, adjudge and decree that plaintiff is entitled to contribution in the same proportion from each of said defendants on account of all sums paid by plaintiff as compensation to said Hugo Schultz since November 1, 1941, and on account of all payments of compensation which plaintiff may hereafter be required to make to the said Schultz in satisfaction of his said judgment for compensation, and each of said defendants is directed to contribute and pay to plaintiff one-seventh of each such payment of compensation which plaintiff has paid to the said Schultz since November 1, 1941, and which it may hereafter be required to pay him in satisfaction of his said judgment, the defendants C. M. Bassman and Betty Bassman to be jointly liable for only one-seventh of each of such payments of compensation under said judgment. Plaintiff shall also have and recover costs herein from defendants."

Defendants filed affidavit for appeal and the same was duly allowed. Defendants join in filing briefs herein.

To an understanding of the situation herein involved, contribution must be clearly distinguished from indemnity and subrogation.

Indemnity, founded upon contract, express or implied, is an action seeking full reimbursement, while contribution involves proportionable payment. Subrogation is for the enforcement of a broader right than is contribution, and subrogation is purely an action in equity. This distinction is necessary to be made herein because the plaintiff herein has erroneously alleged that it is entitled to contribution as a "*subrogee.*" No such right is involved herein; plaintiff's rght is entirely based upon legal right of contribution provided for in Section 3697, *supra.*

Contribution only has application among persons when the situation is equal. As expressed in C. J. Sec., Vol. 18, Par. 2, page 2, "The doctrine of contribution rests on the principle that, when the parties stand in *aequali jure,* the *law* requires *equality,* which is *equity,* and one of them shall not be obligated to bear a common burden in ease of

the rest.'' (Italics ours.) [Mo. Dist. Tel. Co. v. S. W. Bell Tel. Co., 92 S. W. (2d) 19, 328 Mo. 692.]

The action herein is strictly based upon Section 3697 of the statutes which only has application to joint employers who are operating under the code.

The Moerschel Products Company and the six defendants herein are admittedly operating under the code, each having insurance; the plaintiff herein being the insurer for the Moerschel Products Company but not insurer of any of the defendants.

The trial court has found all defendants to be joint employers with the Moerschel Products Company and has adjudicated that each of the defendants pay a one-seventh, not only of the award made by the commission as compensation to Schultz, but also one-seventh of all investigation expenses and costs of litigation that have been expended by the plaintiff, with provision, however, that the two Bassmans, co-partners, are held jointly for only one-seventh.

The assignments of error, made by defendants, are general in character.

Defendants in briefs filed herein, under points and authorities, state and discuss specifically their contentions and we review with reference thereto.

This action was brought and tried in equity. Defendants moved to transfer the cause to the law docket. The court overruled said motion. In modern jurisprudence contribution is a law action.

As no question as to the above ruling being in error is raised in the briefs filed herein, we comment no further than to say that the action herein being expressly based upon Section 3697 of the Workmen's Compensation Act, the plaintiff is not entitled to any greater relief than that given by the statute.

Under point one defendants make contention that there was no joint employment of Schultz. Point two is as follows: ''Schultz was not engaged in any service to the defendants at the time of his injury.'' Point three is as follows: ''Schultz was an independent contractor.''

As an approach to the consideration of the points, *supra,* we call attention to certain established facts, to-wit: In the Moerschel Products Company case the Workmen's Compensation Commission made finding of fact, based on evidence of employment practically the same as herein, that Schultz was an employee of the Moerschel Products Company and that Schultz received injury arising out of and in due course of said employment and the commission made to Schultz an award of compensation. This action of the commission was affirmed by the circuit court and its award became a judgment. This court affirmed the judgment of the circuit court.

In the employment of Schultz all of the defendants were acting with the Moerschel Products Company and others in the hiring of a night watchman for their places of business in Hermann, Missouri,

and all joined in securing coöperation of the municipal officials to the end that such watchman be better equipped for his duties by being commissioned as an officer. All had a voice as to who should be employed and all subscribed to pay the watchman the wages he was to receive. Schultz was chosen and entered into the performance of his duties.

The duties of a night watchman are varied. The record herein discloses that the parties to the hiring of a watchman had various requests touching their places of business. Those who concluded it was needful in connection with duties to be performed at their places of business, gave the watchman keys to enter; others gave direction as to windows, seeing to lights overlooked, as to unlocked doors, places to go for observation, looking after and, if necessary, replenishing fire. All these duties, we conclude, come within the duties of a night watchman. We conclude that the evidence discloses that rights of direction as to these duties existed as to all and were heeded by Schultz, and as to the rights of the parties to discharge Schultz from further service in their behalf, it is clearly shown that each had the right to discharge the watchman from further service in their behalf at any pay period.

We conclude that by the same token that Schultz was an employee of the Moerschel Products Company; he was also an employee of the defendants herein.

As to defendants' point two, we conclude he was not injured while engaged in special services, outside of the general scope of employment, for the Moerschel Products Company when injured. The fact is that, shortly before his injury occurred, he, in line of his duty, had looked after a fire in the Moerschel Products Company plant, and having a call of nature, used the most available place for such call and received his injury by accidental means on such occasion.

Defendants cite numerous authorities under the three points, *supra*. As a rule these citations are as to the general relationship of master and servant, and court cases and text involving *respondeat superior* are cited. The general doctrine as to such is well defined and well settled in this State, and assuming no joint employment, no injury while acting in the scope of authority, etc., to be involved, these authorties are in point. The trial court, however, has ruled upon such facts and we shall confine ourselves to consideration of cited cases which go specific to questions of law involved herein.

The defendants cite Western Metal Supply Co. v. Pilsbury et al., 156 Pac. 491, an opinion by the Supreme Court of California. The opinion in this case is well written and its reasoning sound. Involved in the case are three questions that are squarely involved in the case at bar, to-wit: Joint employment, independent contractor and basis of fixing award allowable for employee while in line of duty.

The facts of the above case are that one James A. Mason was employed by the Western Metal Supply Company as a night watchman and also employed for like service by five other companies, and in the performance of his duties he made regular rounds to the premises of the six employers. While on the Western Metal Supply Company's premises Mason was accidentally killed and the action by his widow for compensation is involved. Mason received unequal sums from the said employers, all totaling $115 per month. Contention was made that Mason was a joint employee of the six companies. The evidence showed there has been no concert of action in the hiring of Mason. The Metal Supply Company was shown to have known that Mason was watchman for other parties but did not know how many, and not even the names of some of them. The evidence clearly showed that Mason's agreement with each employer was a separate and distinct agreement and was intended as a contract of hire by each for only a part of the time. It was held there was no joint employment. The distinction between the employment as disclosed in that case and in the case at bar is obvious.

In the aforesaid California case the court held that Mason was an employee and not an independent contractor, and in computing compensation the total amount received for his services from six employers, $115 per month, was made the basis of computation.

In Grote v. Monward Realty Co., 96 S. W. (2d) 660, referred to supra, the Supreme Court of Missouri had before it the question of basis of wages upon which to compute award under our compensation code. The case is designated as the Boatmen's Bank Building case, wherein two separately owned buildings were occupied as one building, run under one management. The management hired the help for the building. One of the employees, while washing windows in the part of the building owned by Monward Realty Company, fell and was killed. This employee's pay was by check of $30 semi-monthly from the Monward Realty Company and $19.50 from the Superior Construction Company. The opinion upholds the commission's award against the Monward Realty Company which was computed upon the basis of total amount received from the two companies. In passing upon the issues, the opinion states that by reason of hiring being by the management, that the employment was joint. No question, however, of contribution was before the court.

The defendants cite Bamberger Electric R. Co. v. Industrial Commission of Utah, 203 Pac. 345. In this case the Supreme Court of Utah had before it for review a case appealed from an award by the Industrial Commission of Utah. It appears that one Walter Berg was employed by the Bamberger Electric R. Company for certain hours of the day and by the Utah Power and Light Company for certain other hours of the day. The hiring was several and the duties to one was entirely different from duties to be performed for the

other. Berg was killed while working in the part of a building occupied by the Power Company and while in the line of duty for that company and at a time when the machinery of the railroad company was not operating.

The evidence was to the effect that there were no duties performed by Berg in common with the two companies; that neither company had anything to do with the hiring for the other. The Supreme Court of Utah held no joint employment, no ground for contribution, and that the Power Company was liable alone in compensation, based upon computation of the sum total of amounts received from both companies. The case at bar is clearly distinguishable from the Utah case.

We conclude that the trial court was not in error in holding that Schultz was a joint employee and that his injury arose out of and in the course of such employment. We rule against defendants on their points one, two and three.

Defendants in point four contend that Statute of Limitations has run and cite Section 3727 of the code.

We need but say that this is an action for contribution of compensation allowed in a proceeding for compensation regularly brought and determined within the period provided for in the section cited.

We rule against defendants on point four.

Point five, made by defendants, is that the judgment is excessive.

Under this point defendants make claim as follows: First, "The defendants cannot, in any event, be liable for more than one-fifty-seventh part of the compensation awarded"; second, "Plaintiff is not entitled to recover contribution for any expenses paid out in investigating or defending the Schultz claim."

As to the first contention, *supra,* a reading of the second sentence of Sec. 3697, *supra,* refutes the contention. The compensation provided for in the Workmen's Compensation Act is based on wages received by the employee, regardless of by whom paid. If there are several individual employers, not joint, and an employee is injured in the course of employment of one and wherein no liability rests on the others, the wages for which he is entitled to as basis of compensation is the total wages paid by all. If joint employment, and injury is in the course of joint employment, then any one of the parties who are equally liable, as all joint employers in this State who are working under the code are, can be proceeded against singly and full compensation based upon his total wages can be awarded against the one proceeded against. The last sentence of Sec. 3697 provides for contribution between such joint employers, as stand *aequali jure,* in proportion to their liability for the "wages of such employee."

Under joint employment our compensation code provides for a several liability for compensation based upon a total wage. Such liability, we conclude, has been awarded and adjudged in favor of

Schultz as against the Moerschel Products Company, secondarily liable, and against the plaintiff, the insurer, as primarily liable, and the plaintiff herein has met the mandates of such award and judgment and is herein entitled to contribution from the six defendants herein in the amount of one-seventh from each defendant for all liabilities met and paid, or to be met and paid by plaintiff; such contribution, however, to be computed on amount paid and hereafter to be paid to Schultz, the night watchman, by reason of award made by the Workmen's Compensation Commission and reduced to judgment on appeal to the circuit court.

We conclude that defendants' second claim under point five is well taken.

We conclude from a study of the pleading and decrees of the trial court that error has arisen by reason of injection of subrogation.

In plaintiff's petition it characterizes itself "as subrogee of the Moerschel Products Company." In the court's decree the plaintiff is stated as "being primarily liable . . . and being subrogated to the right of said Moerschel Products Company."

The obligation of the Moerschel Products Company being secondary, it was never called upon to pay the award of the commission. The primary obligor responded in payment of the compensation award and judgment of the circuit court and has right, by law, to pursue its legal rights herein as against all parties who stand *aequali jure* touching obligation to pay the award and judgment.

As before stated, this is an action based upon the statutory provision of Section 3697 of the compensation code. Such right of action is to enforce the rights of recovery, as is given by statute, to-wit: The legal right to contribution from all who were equally liable at law, to pay compensation award computed upon employee's wages or total monthly pay for his joint services. No other sum than the sum due the employee under the award is contemplated in this statutory action than is specifically designated in the legislative act. Expense of investigation and legal services form no part of the compensation of an award made by the Workmen's Compensation Commission of Missouri, and therefore the compensation code only makes provision for contribution for that only which the Workmen's Compensation Commission has jurisdiction to award, and the employee has a right to have reduced to judgment in the circuit court.

Our conclusion touching the $1,160.34 is that the same is erroneously included in the judgment and decree of the trial court. The court is not deciding as to whether or not the plaintiff has any other remedy.

The statute provides for contribution in language as follows: "As between themselves such employers shall have contribution from each other in proportion of their several *liability*, for the *wages* of such employee."

· The expression, *supra,* "several liability for wages of employee," if applied to joint employers contributing in unequal amounts to wages of employee, would require interpretation in respect to context of the expression as appearing in the act as a whole, and will have to be harmonized with paragraph (b) of Section 3702 and Section 3710 of the Workmen's Compensation Act.

However, as all employers herein had agreed to pay an equal amount of the employee's wages, it follows that each is liable in contribution for an equal amount, to-wit: each one-seventh of the compensation allowed by the commission and reduced to judgment in the circuit court.

We conclude that with the exception of the inclusion of the investigation and legal expenses, amounting to $1,160.34, the result reached in the trial below is correct, and we therefore conclude that if the plaintiff herein will enter a *remittitur* in the amount of $165.76, the same being one-seventh of the aforesaid amount, in favor of each of the defendants herein within fifteen days after this opinion is handed down, the judgment will be affirmed; otherwise the judgment is reversed and the cause remanded.

. All concur.