John HARGER, Employee, Respondent,

v.

ACME FAST FREIGHT, INC., a Corporation, Employer, and Maryland Casualty Company, Insurer, Appellants.

No. 47881.

Supreme Court of Missouri,

En Banc.

May 9, 1960.

Rehearing Denied June 13, 1960.

**110**

G. W. Marsalek, David G. Dempsey, Moser, Marsalek, Carpenter, Cleary, Jaeckel & Hamilton, St. Louis, for appellants.

Hayes & Hayes, Joyce Pueser Hayes, James P. Hayes, St. Louis, for respondent.

HOLLINGSWORTH, Judge.

This is a workmen's compensation case. On motion of the employer and its insurer, the case was transferred from the St. Louis Court of Appeals to this court under the provisions of Article V, § 10, of the Constitution, V.A.M.S., and S.Ct.Rule 84.05, V.A. M.S. The essential question presented is whether the circuit court erred in reversing an award of no compensation made by the Industrial Commission and remanding the cause to the commission for dismissal of the claim on grounds that the commission had no jurisdiction of the subject matter of the claim. The facts are fully set forth in the opinion of the Court of Appeals, 326 S.W. 2d 373. An abbreviated statement of them will suffice for the purpose of this opinion.

John Harger, hereinafter referred to as "claimant", duly filed a claim against his employer and its insurer, hereinafter referred to as "appellants", alleging that he suffered accidental injury to his back during and in the course of his employment in loading freight. Following hearing of the evidence, the referee found that "the back injury of which employee complains was not the result of an accident within the meaning of the Workmen's Compensation Law, and that employee did not sustain an accidental injury * * * arising out of and in the course of his employment." Whereupon, claimant sought review by the entire commission, alleging that the award of no compensation was unsupported by and contrary to the evidence and, in the alternative, further contending should the

report of the referee be sustained then the claim *"should have been denied on the basis of lack of jurisdiction in the Division of Workmen's Compensation for want of an accidental injury * * *."* (Emphasis ours.)

The commission affirmed the referee's report, from which claimant appealed to the circuit court. That court remanded the case for further consideration "in view of * * * Crow v. Missouri Implement Tractor Co., Mo., 307 S.W.2d 401." Again the commission reviewed the claim and again found that the work done by claimant was "not accompanied by any abnormal or unusual strain" and concluded "that the employee did not sustain an accident arising out of and in the course of his employment" and that "compensation, therefore, must be and the same is hereby denied."

Claimant again appealed to the circuit court, where the award of the commission was affirmed on the merits, but later, on consideration of claimant's motion for new trial, the court set aside the affirmance, stating:

"Upon reflection the Court has concluded that its order affirming the award of the Compensation Commission is erroneous. This Court affirms the finding of the Commission that employee sustained no accidental injury, but holds that the necessary result of this finding is that the Commission had no jurisdiction to either award or deny compensation. It should have made a finding of 'No Accident; therefore, no jurisdiction' and should have dismissed employee's claim.

"The Workmen's Compensation Act applies only to injuries that are the result of accident. Non-accidental injuries do not come within the Act."

Judgment was entered remanding the claim with directions to dismiss it for lack of jurisdiction, from which the employer and its insurer took the instant appeal to the St. Louis Court of Appeals. Claimant did not appeal.

The Court of Appeals found, 326 S.W.2d loc. cit. 376, that while "it does seem that the Commission had jurisdiction to determine any issue properly before it, but we cannot of course pass upon this if we are without jurisdiction of the appeal. Even though the circuit court erred in ordering the claim dismissed for want of jurisdiction in the Industrial Commission, the error was not prejudicial to the employer's rights. The claim as the order stands is finally determined in the employer's favor. We cannot see how it is aggrieved by this."

The decision of the Court of Appeals above set forth was predicated upon the decision of this court in the case of McClain v. Kansas City Bridge Co., 338 Mo. 7, 88 S.W.2d 1019. In that case, the employee met his death while working on a pile driver which was mounted on a boat anchored in the Missouri River. His dependents filed a claim for compensation under the Missouri Workmen's Compensation Act. The employer answered, stating, 88 S.W.2d loc. cit. 1020:

"Comes now the above named employer and denies each and every allegation in said claimants' claim herein filed.

"Employer further denies the jurisdiction of the Missouri Workmen's Compensation Commission in said claim."

The Commission assumed jurisdiction and entered a final award of compensation in favor of the employee's dependents. Upon appeal by the employer, the award was reversed in the circuit court "for want of jurisdiction under state law." The employer appealed from that judgment on grounds it was "aggrieved by the judgment." This court held that inasmuch as the judgment of the trial court was rendered in accordance with the employer's pleading and at its behest, it was not ag-

grieved within the meaning of the statute granting the right of appeal. Obviously, it was not aggrieved; it procured the very judgment it sought and, in so doing, necessarily divested the court of jurisdiction to render a valid judgment in its favor on the merits. Having sought and obtained a final judgment dismissing the claim for want of the court's jurisdiction over the subject matter "under state law," the employer could not have been aggrieved by the court's refusal to render a further judgment on the merits which, on its face, would have been invalid. The case is not in point on the question here presented.

■■ In the instant case, claimant invoked the jurisdiction of the commission alleging accidental injury arising out of and in the course of his employment. Unquestionably, such a claim vested the commission with jurisdiction of the subject matter. Appellants made no plea or contention of the commission's want of jurisdiction; they merely denied the facts upon which claimant sought an award of compensation. Joinder of those issues cast upon claimant the burden of proving the facts essential to his right to compensation, to wit: (1) accidental injury (2) arising out of and (3) in the course of his employment. Failure on his part to prove either entitled appellants to an award (in effect, a judgment) in their favor. Scannell v. Fulton Iron Works Co., 365 Mo. 889, 289 S.W.2d 122, 124 [2]. Trial on the merits resulted in an award adverse to claimant, solely upon the ground claimant did not sustain accidental injury within the meaning and requirements of the Compensation Act. Can there be any question that the commission had jurisdiction to make such a finding and, so finding, to enter a final award denying compensation? We need not belabor the point. The answer, of course, is that it did. The compensation statutes expressly so provide, Sections 287.120, 287.490 RS Mo 1949, V.A.M.S. (to which revision all statutory references herein are made). And when that award came on appeal to the circuit court, the scope of review thereof was that declared by Section 287.490 of the Compensation Act and Article V, § 22, of the Constitution.

■■ Section 512.020 (with certain exceptions not here material) grants the right of appeal to any person aggrieved by any final judgment in any civil case. The question is, therefore, were appellants aggrieved by the order and judgment of the circuit court remanding the case to the commission with directions *to dismiss it for want of jurisdiction*? Bearing in mind that the circuit court had affirmed the finding of the commission on the merits, it would seem clear beyond question that they were. Had the circuit court affirmed the award in accordance with its finding on the merits, the judgment would have been *res judicata* between the parties as to all issues upon which the commission lawfully was required to make findings necessary to an adjudication of claimant's right to compensation under the Compensation Act. Scannell v. Fulton Iron Works Co., supra. When the circuit court found that the award of the commission was supported by competent and substantial evidence, there was but one further function for it to perform, to wit: to enter its judgment affirming the award. This the court failed to do. On the contrary, its remand of the case for dismissal by the commission for want of jurisdiction deprived appellants of an adjudication on the merits under the evidence presented to the commission, which the commission had determined in favor of appellants and which the circuit court, on appeal, had found to be supported by competent and substantial evidence.

We are constrained to hold that employer and insurer were "aggrieved" within the meaning of Section 512.020, granting the right of appeal by a party aggrieved by a final judgment. See Adair County v. Urban, 364 Mo. 746, 268 S.W.2d 801, 804 [4]; Stith v. St. Louis Public Service Co., 363 Mo. 442, 251 S.W.2d 693, 695 [5], 34 A.L.R.

2d 972; Quinn v. St. Louis Public Service Co., Mo., 318 S.W.2d 316, 321 [6].

In the concluding portion of his supplemental brief filed in this court, claimant suggests that if this court finds that appellants were aggrieved by the judgment of the trial court, we, nevertheless, should review the question of "whether an accident existed," citing Rush v. Swift & Co., Mo. App., 268 S.W.2d 589. That case does not support the contention made. In the instant case, claimant sought the very judgment entered by the trial court and he did not appeal from the finding of the trial court affirming the award of the commission on the merits. He was quite satisfied to let the judgment of dismissal stand despite the adverse finding on the merits. And, on this, appellants' appeal, claimant has sought to avoid judgment on the merits frankly stating as his reason therefor that such a judgment may deprive him of his "undeniable right to litigate another cause of action (such as a negligence action against the employer) before a different tribunal"—a point we expressly refrain from discussing. This court may not deprive the appellants of that to which the record shows they were entitled, irrespective of how it may affect, if it does, some future litigation in a different forum predicated upon a theory different from that upon which workmen's compensation is based. On the record, as made, the only matter for review is the validity of judgment of dismissal entered by the circuit court. Having decided that matter adversely to claimant, it is our duty to direct the entry of judgment in accordance with the trial court's affirmance of the finding of the commission on the merits of his claim for compensation.

The judgment of the trial court is reversed and remanded with directions to enter judgment in conformity with the views herein expressed.

All concur.