**Grover C. HARRYMAN, Employee, Plaintiff-Appellant,**

v.

**L–N BUICK–PONTIAC, INC., Employer, and Central Surety and Insurance Co., Insurer, Defendants-Respondents.**

No. 31853.

St. Louis Court of Appeals.

Missouri.

March 15, 1966.

Rehearing Denied April 12, 1966.

Application to Transfer Denied June 13, 1966.

Albert D. Wall, O'Fallon, Harry J. Nichols, St. Louis, for plaintiff-appellant.

Evans & Dixon, Edward W. Warner, St. Louis, for defendants-respondents.

J. MORGAN DONELSON, Special Judge.

Employee, Grover C. Harryman, brought this action for benefits under the Workmen's Compensation provisions of Chapter 287, RSMo 1959, V.A.M.S. The referee and the Industrial Commission denied the employee's claim based on findings that he did not suffer an accident or an abnormal or unusual strain, arising out of and in the course of his employment. The denial of employee's claim was thereafter affirmed by the Circuit Court. The employee has perfected his appeal, but before a determination on the merits may be considered we are confronted with respondents', employer and its insurance carrier, motion to dismiss it for violation of the provisions of Supreme Court Rule 83.05. In the exercise of discretion and with a belief that ascertainable issues should be determined on their merits, the motion is hereby overruled even though the briefs closely border as

being inadequate and not above criticism. Trio Mobile Home Park, Inc. v. City of St. Charles, Mo.App., 390 S.W.2d 432; Moore v. Rone, Mo.App., 355 S.W.2d 398; Wolff v. Richardson, Mo.App., 358 S.W.2d 112; Sebree v. Rosen, Mo., 349 S.W.2d 865; Duke v. Thomas, Mo.App., 343 S.W.2d 656.

Grover C. Harryman, age 42, was a skilled and experienced automobile mechanic. He had been an automobile mechanic for a number of years. In January, 1961, he was employed by respondent, L-N Buick-Pontiac, Inc., as a mechanic and was so employed on February 19, 1963. From 1957 to 1961, he was an automobile mechanic for Richman Buick-Pontiac Company at the same business location. He had also prior mechanical experience with automobiles in Sedalia and Marshall, Missouri. His duties consisted of all types of automobile mechanical work, including removal of the heads from engine blocks.

On February 19, 1963 Harryman was performing the duties of his employment and was assigned the duty of removing the heads from the engine block of a 1963 Pontiac. He had performed this duty many times on Buick, Pontiac and other makes of automobiles, but he had never removed a head from the engine block of this particular model. The heads of the engine block on this model were described as similar to earlier models of the Pontiac automobile and other makes upon which he had worked. The head of the engine block was described as made of cast iron, weighing from 60 to 70 pounds, and being 18 to 20 inches long, 5 inches deep, and 6½ to 7 inches wide. In the performance of his duty he raised the hood of the automobile, climbed up under it and sat on the radiator, facing the windshield. He proceeded to remove the head of the engine block on the driver's side and then he proceeded to remove the one on the passenger's side of the engine. He placed his left foot on the automobile frame and his right foot in the valve chamber. His right hand was on the back and his left hand on the front of the head. The trunk of his body was bent forward with his head and body down on the same level, if not below his right knee. His knees were flexed or bent. He loosened or removed the necessary bolts and from this position he proceeded to lift the head, 2, 3, or 4 inches. Harryman testified that the head caught on something unknown to him, his back popped, and he felt sudden sharp pain in the lower part of his back. He got down from the above described position, and walked around the automobile by holding or leaning on it.

The head of the engine block on the driver's side of the automobile had been removed while he was in the described position except the positions of his feet and hands were reversed. This head was lifted, removed, and placed on the fender of the automobile successfully and without incident.

Harryman described his duties as a mechanic in detail. He further stated that the method he used in removing the heads from the Pontiac engine block was the same method he had used many times before and for a number of years. He further stated that in the removal of an engine block head it was not unusual for it to catch or hook on something as it was removed.

Fellow employees were informed by Harryman that he was injured and needed treatment by a doctor. He did not, however, tell anyone the head had caught or hooked on anything as he was removing it until he consulted with his lawyer. Harryman did receive treatment at a hospital by a doctor, and he then returned to his home. He gave complaints of pain in his lower back, through his left hip, and down the front and back of his left leg. His physical condition improved during the following three weeks, but he did not return to his employment.

About three weeks after the above described occurrence at his place of employment, Harryman was at his home watching television. He bent forward while seated to change television channels, and

"* * * this thing popped again." He again had sharp pain and had difficulty getting out of bed the next day. While shaving he said he reached up with his right hand, and "* * * a sharp pain hit me and knocked my feet plum out from under me." He was hospitalized for ten days where he was treated and returned to his home. He had not returned to his employment at the time of the hearing. Harryman further testified that he had no prior back trouble except about 8 or 10 years before he had suffered a muscle strain in his back which did not require hospitalization. He lost no time from his work. Other evidence indicated he may have had some back trouble while he was in the armed service and after moving an ice box or refrigerator on another occasion, which were denied by him.

The medical evidence was in conflict as to the nature, extent and causation of the injury to Harryman, and also the treatment which would be necessary. A detailed outline of this evidence is unnecessary because of the result reached on another issue. Suffice it to say, Harryman did apparently suffer a lumbosacral strain or a ruptured or herniated intervertebral disc between the third and fourth lumbar vertebrae on the left, or both, which may have been caused by bending forward and lifting the head of the engine block in the manner described or by the described occurrence involving the changing of the television channel, or possibly by some other movement considered normal.

We are aware that the reviewing court may not substitute its judgment, if, upon the entire record and based on competent and substantial evidence, the Commission reasonably could have made the findings and order under consideration. It is also known that the Commission is the sole judge of the weight of the evidence and the credibility of the witnesses. V.A. M.S.Const. of 1945, Article V, Section 22; Davis v. Day-Brite Lighting, Inc., Mo. App., 366 S.W.2d 84; Gaddy v. State Board of Registration for the Healing Arts, Mo.

App., 397 S.W.2d 347; Rapp v. Industrial Commission, Mo.App., 360 S.W.2d 366; United Brotherhood of Carpenters, etc. v. Industrial Commission, Mo.App., 363 S.W. 2d 82.

An employee cannot be compensated for injury unless it arose out of or in the course of his employment by reason of an accident within the meaning of Section 287.020(2) RSMo 1959, V.A.M.S., which may occur in any number of ways or as a result of an unusual or abnormal strain. Crow v. Missouri Implement and Tractor Co., Mo., 307 S.W.2d 401; Merriman v. Ben Gutman Truck Service, Inc., et al., Mo., 392 S.W.2d 292. In the Crow case, supra, the employee was adjusting and supporting an elevator on a corn picker which came down on him heavier than expected and he was injured. In the Merriman case, supra, the employee, truck driver, was required, because of shifting cargo, to place himself in an awkward, unusual, and extended position. He then attempted to lift a heavy coil of rope and he was injured. In both cases the employee was compensated for injury from an accident as the result of unusual or abnormal strain. However, if the employee suffers an injury resultant from a strain while he is engaged in doing his normal or customary duties without variance from his normal routine, it is not a compensable accident within the meaning of the statutes. Hall v. Mid-Continent Manufacturing Co., Mo.App., 366 S. W.2d 57; Williams v. Anderson Air Activities, Mo.App., 319 S.W.2d 61; Ousley v. Hawthorn Company, Division of Kellwood Company, Mo.App., 397 S.W.2d 719. No evidence was produced of any slip, trip, fall or loss of balance, and we are aware that such is not required where the employee is injured by an accident resulting from unusual or abnormal strain. Hall v. Mid-Continent Manufacturing Co., supra. In the instant case, there is no substantial evidence that Harryman was injured by any accident, whether as the result of an unusual or abnormal strain or otherwise. As an automobile mechanic, he was removing

a head from the Pontiac engine block while in the same position, using the same method he had used many times before without variance of his routine. It further appears that if the head of the engine block did, in fact, catch or hook on something as it was lifted, it was not an unusual occurrence.

After full consideration of all the evidence, we hold that the Commission reasonably could have made the findings and order denying compensation to Harryman. It is supported by substantial evidence, and it is not against the overwhelming weight of the evidence.

The judgment of the Circuit Court approving the finding and award denying compensation is affirmed.

WOLFE, P. J., and RUDDY, J., concur.