Grover C. **HARRYMAN**, Plaintiff-Appellant,

v.

**L & N BUICK–PONTIAC, INC.,** Defendant-Respondent.

No. 52613.

Supreme Court of Missouri,

En Banc.

July 8, 1968.

Rehearing Denied Sept. 9, 1968.

Harry J. Nichols, and Bialson, Corrigan, Murray & Ebert, St. Louis, for plaintiff-appellant.

Evans & Dixon, John R. Dixon, Ralph C. Kleinschmidt, St. Louis, for defendant-respondent.

GEORGE P. ADAMS, Special Judge.

Plaintiff appeals from an order of the trial court dismissing this common law negligence action against his employer, defendant-respondent here, seeking damages in the sum of $37,500.00 for injuries he claimed to have sustained on February 19, 1963, as the result of defendant's alleged failure to furnish him with assistance in the removal of an engine head from an automobile and defendant's failure to furnish safe appliances and a safe place to work.

Among other defenses, defendant's answer challenged the trial court's jurisdiction on the ground that plaintiff's remedy was exclusively within the jurisdiction of the Division of Workmen's Compensation.

On motion of defendant, a separate trial was granted on the issue of the trial court's jurisdiction and that issue was submitted on a stipulation of facts agreeing, in part, that: on February 19, 1963, plaintiff was employed by defendant as an automobile mechanic; on such date the parties were operating under and subject to the provisions of the Missouri Workmen's Compensation law; on March 17, 1963, plaintiff filed a claim for compensation before the Division of Workmen's Compensation for injuries allegedly sustained while removing an engine head from an automobile; defendant and its insurer denied that plaintiff had sustained an injury "by accident arising out of and in the course of his em-

ployment"; following a hearing by a referee, the Industrial Commission entered its Final Award Denying Compensation on the ground that plaintiff "did not sustain an accident on or about February 19, 1963, arising out of and in the course of his employment", and found that the engine head did not "catch or hang up" as it was being removed and that plaintiff "did not sustain an abnormal or unusual strain"; in due course the St. Louis Court of Appeals upheld the commission's final award. Harryman v. L–N Buick-Pontiac, Inc., Mo. App., 402 S.W.2d 828.

Since no contention is made now that plaintiff's injuries were in fact the result of an accident within the compensation act, further details as to how plaintiff claims he was injured are unnecessary.

Following the submission of the issue of jurisdiction, the trial court entered its order finding that it did not have jurisdiction and dismissed the cause.

For convenience we set forth certain sections of the act to which reference will frequently be made. (All statutory references are to V.A.M.S.)

287.020(2). "The word 'accident' as used in this chapter shall, unless a different meaning is clearly indicated by the context, be construed to mean an unexpected or unforeseen event happening suddenly and violently, with or without human fault and producing at the time objective symptoms of an injury."

287.120(1). "If both employer and employee have elected to accept the provisions of this chapter, the employer shall be liable irrespective of negligence, to furnish compensation under the provisions of this chapter for personal injury or death of the employee by accident arising out of and in the course of his employment, and shall be released from all other liability therefor whatsoever, whether to the employee or any other person."

287.120(2). "The rights and remedies herein granted to an employee, shall exclude all other rights and remedies of such employee, his wife, her husband, parents, personal representatives, dependents, heirs or next kin, at common law or otherwise, on account of such accidental injury or death, except such rights and remedies as are not provided for by this chapter."

Throughout this opinion it will be assumed that employee and employer have elected to accept the provisions of the act, and that the incident arose out of and in the course of the employment; also that the "incident" does not involve an occupational disease (Sections 287.063 and 287.067).

Defendant supports the trial court's action dismissing the cause upon the premise that the act is exclusive and releases an employer from "all other liability for work connected injuries whatsoever".

Plaintiff concedes that where an employee's claim is within the "scope" of the act, his rights and remedies are exclusively those provided under the act, but asserts that it is exclusive only insofar as the injuries complained of are the result of an "accidental occurrence" arising out of and in the course of his employment.

The issue, then, is singular and well defined. Are *all* claims for "work connected injuries", i. e., "violence to the physical structure of the body and such disease or infection as naturally results therefrom" (Section 287.020(3)) that arise "out of and in the course of" employment (Section 287.120(1)) solely cognizable by the Industrial Commission; or, are only claims for such "work connected injuries" as result from an "unexpected or unforeseen event happening suddenly and violently, with or without human fault and producing at the time objective symptoms of an injury" (Section 287.020(2)) within the exclusive jurisdiction of the Industrial Commission? Has the act taken from an employee his right to recover from his employer for an injury that does not fall within the definitions and provisions of the act?

Our constitution (Section 14, Article I) guarantees a "certain remedy" for "such

*wrongful* injuries to person, property, or character as are actionable or remediable under the rules of the common law". De May v. Liberty Foundry Co. et al., 327 Mo. 495, 37 S.W.2d 640, 645 [2].

It surely will not be disputed that, absent the act, plaintiff would be entitled to his day in court to pursue his "remedy" for the claimed "wrongful injuries" to his person as the result of the alleged negligence of defendant.

Has plaintiff waived this constitutional right by not rejecting the provisions of the act? If the act includes *all* "work connected injuries", he has. If it includes only such injuries as result from an "unexpected or unforeseen event happening suddenly and violently", he has not.

By the terms of Section 287.120(1) an employer must furnish compensation for injury of an employee by *accident,* and is released from all other liability *therefor.* Defendant agrees that the "accident" for which compensation must be furnished is only such an occurrence as results from an unexpected and unforeseen event happening suddenly and violently, but then insists the "accident" to which "therefor" refers in the release clause includes all work connected injuries, whether the result of an unexpected and unforeseen event happening suddenly and violently, or not.

A more consistent and reasonable construction of this subsection is that the legislature intended to make the employer liable for any injury resulting from an unexpected and unforeseen event happening suddenly and violently and to release it from all other liability therefor, i. e., on account of such unexpected and unforeseen event happening suddenly and violently. The obligation to furnish compensation is *only* for injury by such "accident". The release is *only* from liability for an injury by such "accident".

■ Having thus defined the employer's obligations and the extent of its release, the act proceeds in sub-section (2) to limit the rights and remedies of the employee by excluding all other rights and remedies "on account of such accidental injury" (i. e., such "unexpected and unforeseen event happening suddenly and violently"). Only rights and remedies on account of an accidental injury are excluded. All other existing rights and remedies remain.

■ The phrase *"such* accidental injury" can only have reference to the last employment of the words "injury" and "accident" and that is in sub-section (1) containing the phrase *"injury* or death of the employee by *accident".*

It seems clear to us that the legislature intended to speak of the same thing in both sub-sections. If injury by accident means one thing in sub-section (1) and accidental *injury means another in sub-section (2),* the anomalous specter is presented where common law rights and remedies for non-accidental injuries are retained by the employee, but cannot be enforced because the employer is released from liability to the employee for the same non-accidental injuries.

■ This demands a strained construction of the act. Being in derogation of the common law, the act must be strictly construed where existing common law rights and remedies are affected. Common law rights and remedies should not be taken from an employee unless they are abolished by clear and unambiguous terms. The Missouri Workmen's Compensation Act does not do so in this case.

The concluding clause in sub-section (2) does not add a great deal. Without it, our interpretation would be the same. With it, our conclusions are only strengthened, for obviously, "rights and remedies" for compensation for "non accidental" injuries, i. e., not resulting from "an unexpected and unforeseen event happening suddenly and violently" are not "provided for by this chapter".

In McDaniel v. Kerr et al., 364 Mo. 1, 258 S.W.2d 629, this court en banc in an analo-

gous, though not identical, set of facts ruled contrary to defendant's position here. In a common law negligence suit against his employer for injuries to his lungs from the inhalation of dust, plaintiff-employee sought to avoid the Workmen's Compensation Act on the ground that his injuries did not result from an "accident" within the meaning of the act. The defendant-employer, on the other hand, (as does defendant here as one of the defenses set up in its answer) contended that the disability claimed was an injury "by accident" within the meaning of the act.

The trial court set aside a jury verdict for plaintiff for the reason that plaintiff's evidence showed that he had suffered an "accident".

In reversing and remanding the cause with directions to reinstate the verdict of the jury and enter judgment in accordance therewith, the court said at page 635: "The evidence in this case wholly fails to show an 'accident' within the meaning of the Workmen's Compensation Act as previously construed by this court. The dust which filled the air plaintiff was required to breathe * * * and brought about the disease and injury of which he complains was not the result of any 'accident' or any unexpected or unforeseen event happening suddenly and violently with or without human fault. * * * The presence of the dust in the air and its contact with plaintiff's body and lungs and the results there produced were not the result of an 'accident' as that term is used in the Workmen's Compensation Act and the circuit court was not without jurisdiction of the cause in question by reason of the Workmen's Compensation Act. * * *."

Defendant's effort to distinguish this case from the instant one is not convincing. The only substantial difference appearing to us is that in McDaniel the court found no "accident" and permitted pursuit of the common law remedy, while here, the Industrial Commission has found no "accident", and, therefore, plaintiff should be permitted to pursue his common law remedy.

In Hines v. Continental Baking Company, Inc., Mo.App., 334 S.W.2d 140, 84 A.L.R.2d 1027, the Kansas City Court of Appeals affirmed a judgment for employee against her employer in a common law negligence action for a back injury. Prior to the date of her judgment in the trial court, a claim for compensation under the act had been denied by the Industrial Commission. The court held that the defense that "the occurrence in question was an accident within the scope and purview" of the act was not available to the defendant-employer—that that issue was res judicata as the result of the Industrial Commission's final award denying compensation.

While the court in that case did not expressly rule on the specific issue whether the Commission's jurisdiction was exclusive, it impliedly passed upon it by permitting the trial court's judgment to stand. If it did not have jurisdiction it was obligated to determine that fact sua sponte.

Defendant makes little effort to distinguish Hines from the instant case but asserts simply that it "is just not correct law".

We have read and carefully analyzed all of the cases cited by defendant. None of them announces principles in conflict with our conclusions. It would only unnecessarily extend this opinion by reviewing them separately here. For the inquisitive they are: Equity Mut. Ins. Co. v. Kroger Grocery & Baking Co. et al., 238 Mo.App. 4, 175 S.W.2d 153; Marie v. Standard Steel Works, a Corporation et al., Mo., 319 S.W. 2d 871; Sheets v. Hill Brothers Distributors, Inc. et al., Mo., 379 S.W.2d 514; De May v. Liberty Foundry Co. et al., 327 Mo. 495, 37 S.W.2d 640; Rinehart v. F. M. Stamper Co., 227 Mo.App. 653, 55 S.W.2d 729; Bunner v. Patti et al., 343 Mo. 274, 121 S.W.2d 153; Holder v. Elms Hotel Co., 338 Mo. 857, 92 S.W.2d 620, 104 A.L.R. 339; Harger v. Acme Fast Freight, Inc. et al., Mo., 336 S.W.2d 109; Blaine v. Huttig Sash & Door Co., 232 Mo.App. 870, 105 S. W.2d 946.

Under the stipulation of facts agreed to by the parties, the circuit court has jurisdiction to hear the issues raised by the pleadings herein.

The cause is reversed and remanded with directions to the circuit court to exercise its jurisdiction.

PER CURIAM:

The foregoing opinion by ADAMS, Special Judge, written in Division Two, is adopted as the opinion of the Court en Banc.

All concur except STORCKMAN, J., who dissents in separate dissenting opinion filed.

## DISSENTING OPINION

STORCKMAN, Judge.

The majority opinion overlooks or, at least, gives no weight to the fact that the Division of Workmen's Compensation accepted *jurisdiction* of the employee's claim and decided the claim on the merits.

The statement in the fourth paragraph of the opinion that "no contention is made now that plaintiff's injuries were in fact the result of an accident within the compensation act" is misleading and hardly accurate. In the instant case the defendant pleaded the decision of the Commission which was affirmed by the Circuit Court and the St. Louis Court of Appeals as res judicata and an estoppel in bar of the maintenance of this suit, and alleged that the jurisdiction of the Commission was exclusive.

Respondent's original brief on appeal states its contention in this fashion: "Where both employee and employer have elected to accept the provisions of the Missouri Workmen's Compensation Law, the employer is released from all other liability for work-connected injuries whatsoever. If an employee has any rights or remedies, they are within the exclusive jurisdiction of the Industrial Commission, and the Circuit Court has no original jurisdiction of an injury claim by the employee against the employer."

Before the Court en Banc the respondent filed a brief in reply to appellant's supplemental brief in which this additional statement of its contention was made: "The non-accidental injury of appellant was within the application of the Workmen's Compensation Law. He invoked the exclusive jurisdiction of that law, tried his case on the merits, and such proceeding for compensation constituted his remedy. The fact that he lost his case neither deprived the Division of Workmen's Compensation of its proper jurisdiction, nor affected the statutory release of the employer from all other injury actions whatsoever, so as to confer jurisdiction of a negligence case arising out of the same occurrence in the Circuit Court."

Thus the defendant presents on this appeal the broad contention that the compensation act is wholly substitutional for all common-law remedies of an employee against his employer for injuries connected with the work where both are deemed to have accepted the Act. The defendant also presents the narrower issue that the Division assumed jurisdiction of the claim, decided its merits and that such decision is an adjudication in bar of the instant action in circuit court.

This latter contention is more clearly pointed up in respondent's reply brief filed in banc and hence is not developed in the division opinion. The facts are stipulated and the judgment should be affirmed on the narrow grounds of res judicata and estoppel by judgment.

The plaintiff filed his claim with the Division on the theory of a compensable injury of which the Division had jurisdiction. The pertinent allegations of the claim are: "15. *How accident happened, cause, and work employee was doing for employer at the time.* While in scope of employment as a mechanic, claimant was working on a 1963 Pontiac with a V-8 motor. In order to lift the cylinder head, he sat on the radiator of the car, facing the motor with both feet off of the floor. His left foot was on the inside of the frame part of the car and lower than his right foot which was up on the motor block. He reached forward with his left hand on the lower part of the cylinder head and

his right hand on the upper part. The cylinder head weighed an estimated 60 to 70 pounds. In this position he lifted the cylinder head 3 or 4 inches and it caught in some way unknown to him, causing him to exert unusual force and sustain an unusual strain, thereby causing the above-described injuries."

There is no question but that this paragraph is a sufficient pleading of an injury by "accident" arising out of and in the course of the claimant's employment. If his proof supported his pleading, he would be entitled to an award of compensation because the pleading described an unexpected or unforeseen event happening suddenly and violently and accompanied by an abnormal or unusual strain. Sections 287.020 and 287.120, RSMo 1959, V.A.M.S.; Crow v. Missouri Implement Co., Mo., 307 S.W. 2d 401, 405[2]; Harryman v. L-N Buick-Pontiac, Inc., Mo.App., 402 S.W.2d 828, 831 [6]. It should be noted that the description pleaded does not use the word "accident", and that is not necessary because the statutes and decisions specify the kind of injuries covered in that category.

The plaintiff's testimony tended to support his pleaded claim, but there was conflicting testimony. The Commission simply did not believe his testimony. The pertinent findings in the Final Award Denying Compensation were: "We find from all of the evidence that the employee, Grover C. Harryman, did not sustain an accident on or about February 19, 1963, arising out of and in the course of his employment with L-N Buick-Pontiac Inc., as alleged. *We specifically find from the credible evidence that the engine head which was being removed from a Pontiac automobile on that date did not catch or hang up as it was being removed and, further, that the employee did not sustain an abnormal or unusual strain.*" Emphasis added.

It is this final award that was affirmed by the Circuit Court and by the St. Louis Court of Appeals. Harryman v. L-N Buick-Pontiac, Inc., Mo.App., 402 S.W.2d 828.

The employee invoked the jurisdiction of the Division of Workmen's Compensation, the Commission accepted jurisdiction and made a final adjudication on the merits adverse to the employee. This became a final judgment in the Circuit Court and was affirmed on appeal. This is a judgment on the merits which exhausts the plaintiff's remedy and constitutes a bar for any further redress growing out of the same transaction. State ex rel. National Lead Co. v. Smith, Mo.App., 134 S.W.2d 1061, 1067–1068[12–14]; Harger v. Acme Fast Freight, Inc., Mo., 336 S.W.2d 109, 113[5].

The finding by the Industrial Commission that the employee "did not sustain an accident" in these circumstances does not mean that the employee's pleading was insufficient to describe an event within the coverage of the Act, but simply that the employee's evidence in support was incredible. The majority opinion gives every employee whose claim is denied, on the merits or otherwise, a right to prosecute a common-law action in the circuit court for the same claim and injury because the decision of the Commission customarily recites as in this case that the employee "did not sustain an accident".

Time does not permit exploration and consideration of the larger question of whether the Compensation Law applies to all work-connected injuries. It has become a well-established rule, however, that the Compensation Act where applicable is not supplemental or declaratory of any existing remedy, but creates an entirely new right and remedy and where the employer and employee are deemed to be under the Act such a new right and remedy is wholly substitutional in character and supplants all other rights and remedies at common law or otherwise. Section 287.120(1) and (2); Griffin v. Doss, Mo.App., 411 S.W.2d 649, 650[1]; Marie v. Standard Steel Works, Mo., 319 S.W.2d 871, 875[3]; De May v. Liberty Foundry Co., 327 Mo. 495, 37 S.W. 2d 640, 645[1]; Cleveland v. Laclede-Christy Clay Products Co., Mo.App., 113 S.W.2d

1065, 1067[7]. If the holding of the majority opinion is right, this statement of the rule is meaningless.

An employee electing to accept the Compensation Act which makes remedies thereunder exclusive waives the constitutional guaranty of a certain remedy for every injury provided by Art. 1, § 14, of the Constitution of Missouri 1945. De May v. Liberty Foundry Co., 327 Mo. 495, 37 S.W.2d 640, 645[2–8].

I agree with the trial court that it had no jurisdiction to relitigate the issues. I would affirm the judgment.