Carol J. ROUX, Employee-Appellant,

v.

**DUGAL'S BIG STAR FOOD STORE,**
Employer,
and
Consolidated Underwriters, Insurer-
Respondents.

No. 35334.

Missouri Court of Appeals,
St. Louis District,
Division Two.

May 21, 1974.

Motion for Rehearing or Transfer to Su-
preme Court Denied June 12, 1974.

Application to Transfer Denied
July 22, 1974.

Schnapp, Graham & Reid, John W. Reid, II, Fredericktown, for employee-appellant.

Evans & Dixon, Edward M. Vokoun, St. Louis, for respondents.

GUNN, Judge.

Employee-appellant appeals a decision of the St. Francois County Court affirming an award of the Missouri Industrial Commission which denied employee's claim for Workmen's Compensation benefits. The issue to be determined is whether the employee sustained an injury by accident within the meaning of § 287.020 RSMo 1969, V.A.M.S. The Commission found no such accident, and the Circuit Court found that there was sufficient competent evidence to justify the Commission's award. We affirm.

The claimant worked as a checker in Dugal's Big Star Food store in Farmington, Missouri. On December 12, 1970, while breaking in a new cashier behind a check-out counter, the claimant noticed a coupon having a twenty-two cent value on the floor by the corner of the check-out counter. She reached across her body with her left arm and stooped down to pick up the coupon. In so doing, she experienced a severe pain in her lower back and had to have assistance in straightening up. She was taken to a hospital by ambulance and remained there until December 16, 1970. After her release from the hospital, she remained home until December 29 when she returned to work. She continued working,

although experiencing some back pain, until February 1, 1971, when she aggravated her injury in stocking a frozen food counter. She has not returned to work. In her testimony, the claimant stated at the time of her injury nothing unusual occurred which caused the injury; that she merely stooped over to pick up a paper coupon which she had done on numerous prior occasions; that she was under no strain and that reaching for the coupon was routine. The claimant asserts, however, that because of the narrow confines of the check-out counter, which was designed to accommodate only one employee, she was required to strain and twist her body in an abnormal manner in order to pick up the coupon.

The Industrial Commission denied the claimant's claim for the reason that she failed to establish that her injury was due to an accident within the meaning of § 287.020(2) RSMo 1969, V.A.M.S.[1] The circuit court found that there was sufficient competent evidence to support the Industrial Commission's findings and order and, therefore, affirmed the award denying the claim.

In our review of this case, we are guided by two basic principles which are: (1) in a claim for workmen's compensation benefits, the burden is on the claimant to establish that an accident, as defined in § 287.020(2) RSMo 1969, V.A.M.S., has occurred with resultant injury. Griggs v. A. B. Chance Co., 503 S.W.2d 697 (Mo.App.1973); and (2) the decision of an administrative tribunal should not be set aside unless clearly contrary to the overwhelming weight of the evidence. Wood v. Wagner Electric Corp., 355 Mo. 670, 197 S.W.2d 647 (banc 1946); Hanebrink v. Parker, 506 S.W.2d 455 (Mo.App. 1974).

---

1. § 287.020(2) RSMo 1969, V.A.M.S., provides:

"2. The word 'accident' as used in this chapter shall, unless a different meaning is clearly indicated by the context, be construed to mean an unexpected or unforeseen event happening suddenly and violently, with or without human fault and producing at the time objective symptoms of an injury."

**812**

We adhere to the requirement that we are to liberally construe the Workmen's Compensation Law, including the definition "accident", so as to extend its benefits to the largest possible class. Todd v. Goostree, 493 S.W.2d 411 (Mo.App. 1973). But we are also required to review the record as a whole in the light most favorable to the Industrial Commission's decision and affirm that decision if there is substantial evidence for its support. Bone v. Daniel Hamm Drayage Co., 449 S.W.2d 169 (Mo.1970); Oder v. St. Joe Minerals Corp., 484 S.W.2d 487 (Mo.App.1972). In this case, whether the claimant has sustained an accident within the meaning of § 287.020(2) is dependent upon whether there was an abnormal or unusual strain which brought about her injury. Where an employee experiences an injury as a result of normal and customary duties and within the normal routine there is no compensable accident. Harryman v. L-N Buick-Pontiac, Inc., 402 S.W.2d 828 (Mo. App.1966); Baker v. Krey Packing Co., 398 S.W.2d 185 (Mo.App.1965). Although the claimant alleges that her injury occurred as a result of an abnormal strain, there was also evidence to the effect that she was performing her routine work in a normal manner at the time of her injury which would not constitute a compensable accident under the Workmen's Compensation Law. Baker v. Krey Packing Co., *supra*. Where there are conflicts in the evidence, it is for the Industrial Commission to resolve those conflicts, which it did in this case finding here against the claimant. The choice in passing on the credibility and weight to be given to conflicting testimony rests with the Commission, and we will not disturb its finding where, as here, there was substantial evidence to support it. Bauer v. Independent Stave Co., 417 S.W.2d 693 (Mo.App.1967).

The judgment of the circuit court approving the finding of the Commission denying compensation is affirmed.

SMITH, P. J., and McMILLIAN, J., concur.