**Kerry McLEOD, Plaintiff-Appellant,**

v.

**MARION LABORATORIES, INC.,**
**Defendant-Respondent.**

**No. WD30865.**

Missouri Court of Appeals,
Western District.

June 9, 1980.

Dean A. Hodapp, Blumer & Nally, Kansas City, for plaintiff-appellant.

Clyde G. Meise, Meise, Cope & Coen, Kansas City, for defendant-respondent.

Before CLARK, P. J., and DIXON and SOMERVILLE, JJ.

DIXON, Judge.

Plaintiff's petition for personal injuries was dismissed pursuant to a motion to dismiss which asserted that plaintiff's cause of action was barred by § 287.120 RSMo 1978. This section of the Workmen's Compensation Law provides that injury or death by "accident" to an employee arising out of and in the course of his employment releases the employer from all other liability.

Plaintiff appeals and raises, in an overly long and argumentative point, the sole issue that the applicability of the Workmen's Compensation bar to a personal injury claim is an affirmative defense and, as such, places the burden of proof upon the pleader.

No evidence was heard by the trial court,[1] and the issue is framed by the pleadings. In essential part, plaintiff's petition alleged he was an employee of defendant Marion Laboratories when, as he:

"was carrying out his duties as an employee of the defendant, lifting heavy

---

1. The parties conceded in oral argument that the right to file a claim for Workmen's Compensation was barred by the statute of limitations. § 287.430 RSMo 1978.

boxes; that plaintiff stooped over and attempted to lift a box weighing in excess of 50 pounds when he felt a sharp pain in his low back; that lifting heavy boxes was part of his regular job which defendant required plaintiff to do in his regular course of performing his work; that defendant was negligent in requiring plaintiff to lift heavy boxes which negligence directly caused plaintiff's injury . . . ."

Plaintiff's petition then asserted a variety of specific grounds of negligence. No question of insufficiency of this pleading to state a cause of action at common law is raised. Plaintiff's petition concluded with allegations of injury and a prayer for damages.

Defendant's Motion to Dismiss was in four paragraphs. The first paragraph recites the language of plaintiff's petition set forth above. The second paragraph reads as follows:

"It is clear from the language in Paragraphs 1 and 2 of Plaintiff's First Amended Petition for Damages, that Plaintiff, at the time of his alleged injury, was clearly an employee of the Defendant, and that if any injury was received by the Plaintiff, which Defendant denies, that it arose out of and in the course and scope of his employment."

The third paragraph sets forth the Workmen's Compensation statute. The fourth reads as follows:

"Section 287.120 clearly bars the Plaintiff from pursuing his alleged cause of action in Count I of his First Amended Petition for Damages. If the Plaintiff received an injury as a result of an alleged accident on November 2, 1976, as alleged in his Petition, which said injury is denied, Plaintiff's only remedy would be for a Claim for Workmen's Compensation."

■ The motion to dismiss was barren of any support by way of evidence. The parties have argued the issue on the basis of the language of the petition. Plaintiff argues that the statements of the petition do not allege an "accident" within the meaning of the Workmen's Compensation Act. The defendant urges the contrary, asserting that the facts pleaded plainly show an "accident" compensable as a compensation claim. These arguments are off the mark in the manner in which they are presented. There can be no question that the motion raises the issue of subject matter jurisdiction in the circuit court. Such a defense may, at the option of the pleader, be raised by motion. Rule 55.27(a)(1).

■ For an affirmative defense to be sustained upon a bare motion to dismiss, the defense must be irrefutably established by the plaintiff's pleading. *Fiandaca v. Niehaus*, 570 S.W.2d 714, 717 (Mo.App.1978); *International Plastics Development, Inc. v. Monsanto Co.*, 433 S.W.2d 291 (Mo. banc 1968). This is but the corollary of the accepted rule that the burden of proof of an affirmative defense rests upon the one asserting the defense.

■ That the motion to dismiss does not irrefutably establish the affirmative defense in the instant case is patent. The petition does not allege that the defendant is in fact covered by the Workmen's Compensation Act, that the employee had not rejected the provisions of the Act, nor that the requisite notices had been posted, all matters essential to the claim of the defense. In fact, in the entire transcript, there is nothing to indicate the employer was within the coverage of the Workmen's Compensation Act except for an allegation, tendered in a motion to dismiss a separate count of the petition, asserting an injury at a different time. It states that plaintiff had filed a claim for Workmen's Compensation in connection with the injury of another date. The *filing* of such a claim, even if it might be considered with the instant motion, which is doubtful, does not establish that the employer was within the coverage of the Act.

Additionally, the language of the plaintiff's petition does not "irrefutably" establish an "accident" within the meaning of the Workmen's Compensation Act. *Bauer v. Independent Stave Co.*, 417 S.W.2d 693 (Mo.App.1967), and cases cited therein, demonstrate that the issue of compensability

under the compensation act for an injury received by lifting, pushing, or pulling without any untoward event requiring an extraordinary effort, is a close question on the issue of whether an accident has occurred.

What has occurred in this appeal occurs with monotonous regularity. The parties have assumed certain facts, adopted other facts as true based upon their respective positions, and asked for a determination of the legal issue without any procedural or factual basis for the determination.

There is considerable authority on the proper procedural approach to a determination of the applicability of the Workmen's Compensation Act as a defense to a common law action. Because the parties have not cited this authority and since the case must be reversed and remanded for the reinstatement of plaintiff's petition, it is appropriate to review that authority for the guidance of the parties and the trial court in the further proceedings in this case.

In *Roberts v. Epicure Foods Company*, 330 S.W.2d 837 (Mo.1960), an early case in which the defense of exclusive jurisdiction under the Workmen's Compensation Act was tendered by motion, the court held the defense could not be raised by motion. It was suggested in *Roberts* that the appropriate procedure was to raise the defense by answer and determine the issue in a separate trial. See *Wooten v. Youthcraft Mfg. Co.*, 312 S.W.2d 1 (Mo.1958), and *Harryman v. L. & N. Buick-Pontiac Inc.*, 431 S.W.2d 193 (Mo. banc 1968).

*Roberts, Wooten*, and *Harryman, supra*, were all decided at a time when the rules and code of procedure made no provision for summary judgment or the taking of evidence in support of a motion asserting an affirmative defense. Rule 55.27 now provides a flexible scheme for presenting such defenses and permits a preliminary hearing upon the defenses raised. Rule 55.-27(c). Evidence on motions may also be presented. Rule 55.28. Likewise, in a proper case, the parties may proceed in accordance with Rule 74.04 for summary judgment. For a full exposition of the use of the summary judgment procedure in the assertion of the defense of the Workmen's Compensation Act to a common law action, the parties may consult the excellent analysis of the remedy and the authorities generally in *Peer v. M. F. A. Milling Co.*, 578 S.W.2d 291 (Mo.App.1979).[2]

The judgment of the trial court sustaining the motion to dismiss is reversed, and the cause is remanded with directions to reinstate plaintiff's petition.

All concur.

---

**2.** Because of the bar of limitations, this case can never raise the issue of the res judicata effect of a circuit court determination, upon evidence, that an "accidental injury" within the Workmen's Compensation Act has occurred. *State ex rel. Riss v. Sanders,* 604 S.W.2d 632 (Mo.App.1980) holds that the compensation claim and the common law action may be pursued concurrently. The failure to file concurrently may result in an injury occurring without remedy. *Langendoerfer v. Hazel,* 601 S.W.2d 290 (Mo.App.1980). The res judicata effect of a circuit court determination that a common law action does not lie because an accidental injury covered by Workmen's Compensation is found factually by the circuit court is in doubt. *See, Harryman v. L. & N. Buick Pontiac, Inc.,* 431 S.W.2d 193 (Mo. banc 1968); *Sheen v. DiBella,* 395 S.W.2d 296 (Mo.App.1965); and *Lamar v. Ford Motor Co.,* 409 S.W.2d 100 (Mo.1966).