STATE ex rel. McDONNELL DOUGLAS
CORPORATION, Relator,

v.

The Honorable Drew W. LUTEN, Jr.,
Judge of the Circuit Court of St. Louis
County, Missouri, 10th Division, Re-
spondent.

No. 65866.

Supreme Court of Missouri,
En Banc.

Nov. 20, 1984.

Michael W. Flavin, James E. Whaley, St. Louis, for relator.

Kenneth D. Koester, James F. Koester, St. Louis, for respondent.

GUNN, Judge.

Relator through prohibition seeks to test the jurisdiction of the trial court in what is alleged to be a workers' compensation matter reserved for the Labor and Industrial Relations Commission. We make our provisional rule in prohibition absolute.

Relator McDonnell Douglas Corporation is a defendant in a common-law negligence action for injuries suffered by one of its employees. Relator moved for summary judgment on the employee's petition, or in the alternative to dismiss the petition for lack of subject-matter jurisdiction. The motion asserted that exclusive jurisdiction over the employee's claim was properly in the Missouri Labor and Industrial Relations Commission, under § 287.120, RSMo 1978. The trial court denied the motion. On relator's petition, this Court issued its provisional rule in. prohibition prohibiting the trial court from proceeding further in the case. That rule is now made absolute, and the trial court is directed to enter its order dismissing the employee's petition against relator without prejudice.

The facts pertinent to the decision of this case appear in the employee's petition, relator's motion, and the depositions on file in the cause. The employee (herein "plaintiff") filed no pleadings, affidavits or other response to relator's motion.

Plaintiff was employed by relator at its plant in St. Louis. At the end of her shift, shortly after midnight, plaintiff exited the plant through a gate in the plant's perimeter fence. This was gate 44A. Ordinarily, her route would have taken her across Banshee Road, which abutted the gate, to a sheltered bus stop on the far side of the street. Here she would catch a bus chartered by her and her co-workers which would take her to where her car was parked in Foristell, Missouri. On the occasion of the injury, she had reached the middle of Banshee Road when she was struck by an automobile operated by a fellow employee.

The bus stop on the far side of Banshee Road was built and maintained by McDonnell Douglas. The crosswalk to the shelter was marked by lines painted and maintained by McDonnell Douglas and was illuminated by a lightpole erected by relator. The surface of Banshee Road at this point was also maintained by McDonnell Douglas, although the roadway itself belonged to St. Louis County, and the bus which the shelter served was driven by a McDonnell Douglas employee. The bus had formerly picked up its passengers within the compound, but McDonnell Douglas had decided a few months before the accident to build the shelter on Banshee Road and to reroute its employees to that site. Plaintiff's petition alleges that McDonnell Douglas "appropriated the use" of the crosswalk at gate 44A.

The following precepts of law serve as guideposts to reach the denouement. Liability of an employer for compensation under the Workers' Compensation Law releases the employer from all other liability. § 287.120, RSMo 1978. The Labor and Industrial Relations Commission has exclusive jurisdiction over claims for injuries covered by this act. *Hannah v. Mallinckrodt, Inc.,* 633 S.W.2d 723, 726 (Mo. banc 1982). Rule 55.27(g)(3) states that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." And when, as here, the facts are not controverted, the question whether an injury is covered by the Workers' Compensation Law becomes a question of law. *Daniels*

*v. Krey Packing Co.*, 346 S.W.2d 78, 81 (Mo.1961); *Blatter v. Missouri Department of Social Services*, 655 S.W.2d 819, 823 (Mo.App.1983).

In the present case, the facts before the trial court establish as a matter of law that it was without jurisdiction to proceed further in the case except to dismiss the petition.

The following principles also prevail.

■■■ The Workers' Compensation Law extends its provisions to every employer who is not otherwise excluded from its ambit. § 287.060, RSMo 1978.[1] Employers are liable under the act for compensation for personal injury to or the death of an employee resulting from an accident "arising out of and in the course of his employment." § 287.120, *supra.*

If the employee is injured while passing with the express or implied consent of the employer, to or from work, by a way over the employer's premises, the injury is one arising out of and in the course of employment as much as though it had happened while the employee was engaged in his work at the place of its performance.

*Zahn v. Associated Dry Goods Corp.*, 655 S.W.2d 769, 773 (Mo.App.1983). For purposes of this rule, the employer's premises extend by implication to property "so appropriated by the employer or so situate, designated and used by the employer and his employees incidental to their work as to make [it], for all practical intents and purposes, a part and parcel of the employer's premises and operation." *Pulliam v. McDonnell Douglas Corp.*, 558 S.W.2d 693, 699 (Mo.App.1977), *quoting Kunce v. Junge Baking Co.*, 432 S.W.2d 602, 607 (Mo.App.1968). Property is sufficiently "appropriated" to make it a part of the employer's extended premises if it is used by employees as a route of access to the employer's premises, and such use is known to and acquiesced in by the employer. *Hunt v. Allis-Chalmers Manufacturing Co.*, 445 S.W.2d 400, 409 (Mo.App. 1969).

■■■ Under the facts before it, the only conclusion available to the trial court was that the route over which plaintiff was travelling was expressly approved by relator as a means of access to its facility. In addition, it is clear that the hazard to which the plaintiff was exposed along this route was precisely the hazard which caused the injury, *i.e.*, the risk of being struck by vehicular traffic. *Id.* at 408. Consequently, relator made a satisfactory showing that plaintiff's claim was for an injury "arising out of and in the course of [her] employment," and the trial court was compelled to dismiss plaintiff's petition for lack of subject-matter jurisdiction.

The facts in the present case are in sharp contrast to those in *Pulliam, supra*, notwithstanding the coincidence that the *Pulliam* case also involved gate 44A to the McDonnell Douglas facility. In *Pulliam*, the employee was injured while on his way to work. His normal route took him from a residential area north of the plant along a footpath worn by similar traffic across Banshee Road and into gate 44A. The footpath crossed two sets of railroad tracks between the residential area and Banshee Road. The employee was injured when he walked into the path of a train which was passing on one of these sets of tracks. At the time the accident occurred, McDonnell Douglas had not yet established a bus stop on Banshee Road opposite gate 44A, nor had it marked a pedestrian crosswalk at that point.

The court of appeals in *Pulliam* reversed a worker's compensation award, holding that the implied extension of the employer's premises to include the footpath was

---

**1.** Relator made a sufficient *prima facie* showing of coverage under this section by demonstrating that plaintiff was its employee. *Compare McLeod v. Marion Laboratories, Inc.*, 600 S.W.2d 656, 657 (Mo.App.1980). It was not necessary for relator to prove that it was not an excluded employer. Nor was it necessary for relator to prove "that the employee had not rejected the provisions of the Act, [or] that the requisite notices had been posted," *id.*, since there are no such preliminary requirements in the present Workers' Compensation Law which must be met before exclusive jurisdiction will attach.

not supported by competent and substantial evidence. Central to the appellate court's conclusion was the fact that there was no evidence that McDonnell Douglas in any way invited its employees to use that path. *Id.*, 558 S.W.2d at 699. By contrast, the crosswalk in which the plaintiff in this case was injured served as an overt encouragement for employees' use as a means of egress from the employer's facility.

Although the trial court is required under the facts presented here to dismiss plaintiff's petition, the dismissal is without prejudice. *Parmer v. Bean,* 636 S.W.2d 691, 694 (Mo.App.1982). Plaintiff is free to raise her claim under the Workers' Compensation Law, and the resolution of this case does not reflect in any way upon the merits of that claim.[2]

The provisional rule in prohibition is therefore made absolute, and the trial court is directed to enter its order dismissing plaintiff's petition without prejudice.

All concur.

**2.** It is conceivable, were the facts shown to be different from those which appear on the face of plaintiff's petition and deposition, that the Labor and Industrial Relations Commission could conclude that jurisdiction does not lie under the Workers' Compensation Law. Since the determination that the trial court is without jurisdiction is preliminary, having been made in default of any contrary showing by plaintiff and not after a full hearing on the merits, it is without *res judicata* effect. *Zahn,* 655 S.W.2d at 773–74; *Cloyd v. Cloyd,* 564 S.W.2d 337, 345 (Mo.App.1978).