PER CURIAM.
This cause is before us on appeal from a workers’ compensation order awarding temporary total disability benefits with interest, temporary partial disability benefits with interest, medical benefits, medical travel, attorney fees, and costs. We reverse.
The issue raised is whether the deputy erred in concluding that claimant’s injury *878 was incidental to employment and therefore compensable.
Claimant began working in Ocala for the Department of Health and Rehabilitative Services in June of 1984. Subsequently, claimant began to take sick leave primarily due to stress. Claimant’s supervisor complained to claimant about her absenteeism, and in November of 1984, claimant received a conditional evaluation (probation) which claimant felt was due to her absences.
In January, 1985, claimant had her blood pressure checked. Her blood pressure was high, so she stayed home for two days. When she called in, her supervisor stated claimant would have to provide a doctor’s note before any more sick leave could be approved.
On January 21, 1985, claimant went to get a blood test at Ocala Regional Kidney Center, as part of her doctor’s appointment, and she slipped on ice, fell, and injured her ankle. Claimant testified that she intended to go to work after her doctor’s visit.
The deputy’s finding that claimant’s accident “is compensable in that there was a concurrent business purpose for the claimant’s visit to her doctor’s office” is not supported by the evidence, which shows that claimant’s excuse, for not coming to work was based on her personal health and her personal efforts to obtain a doctor’s note in order to get approval for more paid sick leave.
Inapplicable to the facts before us is the principle that special errands or missions for the employer are exceptions to the rule that injuries suffered while going to or coming from work are not compensable. Here, the “errand” was not a substantial part of the service performed for the employer. Gray v. Dade County School Board, 433 So.2d 1009 (Fla. 1st DCA 1983).
Clearly distinguishable are cases in which a claimant is injured while en route to a medical facility for treatment related to an industrial accident. See All American Wheel World, Inc. and FAWA Self Insurers Fund v. James M. Gustafson, 499 So.2d 876 (Fla. 1st DCA 1986).
Accordingly, we reverse and remand for entry of an order consistent with this opinion.
BOOTH, C.J., and MILLS and WENTWORTH, JJ., concur.