**Lara HAFNER, Appellant,**

v.

**A.G. EDWARDS & SONS, Respondent.**

**No. 67423.**

Missouri Court of Appeals,
Eastern District,
Division One.

June 13, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 27, 1995.

Kenneth D. Koester, St. Louis, for appellant.

Susan M. Kelly, St. Louis, for respondent.

GARY M. GAERTNER, Judge.

Appellant, Lara Hafner ("employee"), appeals from the Final Award of the Labor and Industrial Relations Commission ("Commis-

sion") denying compensation for an injury sustained by employee while leaving work. We affirm.

Employee was employed by respondent, A.G. Edwards & Sons, Inc. ("A.G. Edwards"), on November 27, 1990, the date her injury occurred. A.G. Edwards is located on the north side of Market Street in the City of St. Louis. Directly across from it on the south side of Market is an employee parking lot. A.G. Edwards owns and maintains the lot and encourages its employees to park there. Jefferson Avenue lies to the east of the building and parking lot; Beaumont Avenue lies to the west. A.G. Edwards obtained permission from the City of St. Louis to install a traffic signal and painted crosswalk at the intersection of Beaumont and Market to aid employees in crossing Market Street.

On the day of the accident, employee parked in the employee lot that morning and exited the building as usual at 4:30 that afternoon. The building exited Market about four to five car lengths east of Beaumont and the crosswalk. Employee remembered nothing from the time she left work that day until the time she awoke in the hospital three days later. Employee testified she had no recollection of where she specifically crossed Market that day.

Douglas Buchanan, a director of security for A.G. Edwards, testified that, upon learning of the accident, he went outside and found employee lying in an eastbound lane of Market approximately 100 feet east of Beaumont. It was concluded that this was the spot at which employee tried to cross Market.

Mr. Buchanan also testified A.G. Edwards had distributed at least three flyers encouraging employees to cross Market at the Beaumont crosswalk and instructing them on its proper use. He stated that, despite the notices, he knew not all employees crossed at the crosswalk.

Employee filed a claim for compensation with the Division of Workers' Compensation. The Administrative Law Judge ("ALJ") found that her injury was not compensable because it did not arise out of and in the course of her employment. The Labor and Industrial Relations Commission affirmed the ALJ's decision. This appeal followed.

■ Employee raises one issue on appeal. She contends the Commission erred in denying compensation because her injury arose out of and in the course of her employment. Employee specifically argues that A.G. Edwards extended its premises to include the area on Market where she was injured, thereby rendering her injury compensable. We disagree.

■ Where the facts of a case are undisputed whether an injury arises out of or in the course of employment is a question of law and the Commission's decision is not binding on this Court. *Davis v. McDonnell Douglas*, 868 S.W.2d 170, 171 (Mo.App.E.D.1994).

■ In workers' compensation cases, an employer is liable for personal injuries of an employee "arising out of and in the course of" her employment. RSMo § 287.120.1 (1986). The phrases arising "out of" and "in the course of" are two distinct tests; both must be met in order to establish liability. *Pulliam v. McDonnell Douglas Corp.*, 558 S.W.2d 693, 697 (Mo.App.St.L.D.1977) (quoting *Begey v. Parkhill Trucking Co.*, 546 S.W.2d 529, 531 (Mo.App.Spfld.1977)).

[A]n injury arises "out of" the employment if it is a natural and reasonable incident thereof and is the rational consequence of some hazard connected with the employment, and rises "in the course of" the employment when it occurs within the period of employment, at a place where the employee may reasonably be and while he is reasonably fulfilling the duties of his employment.

*Id.* at 697–698. Section 287.020.5 further limits recovery of benefits stating that the clause " 'personal injury arising out of and in the course of such employment' " is not to cover workers except while they are engaged *in or about the employer's premises* where their duties are performed. Thus, travel to and from work is not regarded as an incident of employment, and injuries sustained therein are not compensable. *Stockman v. J.C. Industries, Inc.*, 854 S.W.2d 24, 27. However, an exception to this general rule exists where the employee is injured while leaving

work but is still on the employer's premises. *Zahn v. Associated Dry Goods Corp.*, 655 S.W.2d 769, 772 (Mo.App.E.D.1983).

> Employment has been interpreted to include a reasonable margin of time and space necessary to be used in passing to and from the place where work is to be done. If the employee is injured while passing ... to or from work, by a way *over the employer's premises*, the injury is one arising out of and in the course of employment....

*Id.* at 773 (emphasis added). Therefore, the pivotal issue becomes whether A.G. Edwards' premises can be extended to include the area of Market where employee was injured.

■ The extended premises doctrine provides that an employer's premises may extend by implication to property "so appropriated by the employer or so situate, designated and used by the employer and his employees incidental to their work as to make [it], for all practical intents and purposes, a part and parcel of the employer's premises and operation." *State ex rel. McDonnell v. Luten*, 679 S.W.2d 278, 280 (Mo. banc 1984) (quoting *Kunce v. Junge Baking Company*, 432 S.W.2d 602, 607 (Mo.App.Spfld.1968)). "Property is sufficiently 'appropriated' to make it a part of the employer's extended premises if it is used by employees as a route of access to the employer's premises, and such use is known to and acquiesced in by the employer." *Luten*, 679 S.W.2d at 280.

Under the circumstances in the present case, we cannot say that the Commission erred in denying compensation. The record wholly supports the conclusion that A.G. Edwards' premises did not extend to that portion of Market where employee was injured.

■ In order to have acquiesced in the use of Market Street, A.G. Edwards must have extended some component of invitation to the employees that caused them to cross Market at the site of the accident. *See Pulliam*, 558 S.W.2d at 699. The creation of the parking lot on the south side of the street, although requiring the employees to cross Market at some point, is insufficient to constitute acquiescence. Likewise, the mere knowledge that some employees crossed in the middle of Market does not rise to approval of the action. This is especially true in light of A.G. Edwards' installation of the traffic signal and crosswalk at Beaumont to facilitate employees' safe passage. The company encouraged employees to utilize both when crossing the street in at least three different bulletins distributed to all employees. The record is bare of any evidence that A.G. Edwards encouraged employees to cross Market at any other point.

This Court has also refused to find that an employer impliedly extended his premises where the off-premises point is open to the general public and the employer never exerted nor attempted to exert any control over the area. *Davis v. McDonnell Douglas*, 868 S.W.2d 170, 172 (Mo.App.E.D.1994); *Gildehaus v. Husky Corp.*, 718 S.W.2d 600, 602 (Mo.App.E.D.1986). Market Street is a four-lane public thoroughfare; all segments of Market including the crosswalk are open to and utilized by members of the general public. A.G. Edwards has no authority to restrict such usage. Additionally, A.G. Edwards has no control over nor responsibility for any portion of Market; the thoroughfare is controlled and maintained by the City of St. Louis. The installation of the traffic signal and crosswalk was possible only with the express permission of the city.

Employee argues that A.G. Edwards subjected her to a special hazard in requiring her to cross Market and that there is a close association between the access route and the A.G. Edwards building. She relies on *Hunt* to support this contention. *Hunt v. Allis-Chalmers Manufacturing Company*, 445 S.W.2d 400, 405 (Mo.App.K.C.1969). In *Hunt*, an employer's premises was extended and liability for the death of an employee established where the deceased was asked to park in a parking lot which necessitated his taking a path that ran along railroad tracks. *Id.* at 410. However, *Hunt* is distinguishable. In that case, the employer requested that the employees use the particular lot and expressly recognized the path that was travelled in order to reach the premises. *Id.* The path was not a hazard encountered by the general public nor any other persons except employees. *Id.* Furthermore, the

Court acknowledged the existence of an alternative route, but stated it was not a dispositive factor under the circumstances of the case as it was a circuitous and less convenient route. *Id.*

In the present case, A.G. Edwards provided a traffic light and crosswalk to assist employees who took advantage of the convenient parking to cross the street. Although required to cross Market, employee subjected herself to the same hazards as any member of the general public who chooses to cross a public thoroughfare outside a painted crosswalk. The Beaumont crosswalk was a safer alternative situated only four to five car lengths west of the point where employee exited the building.

Employee also urges the Court to find *Luten* controlling. In *Luten,* an employee was struck and injured while crossing a public street to reach a bus stop shelter maintained by the employer. *Luten,* 679 S.W.2d at 279. Although employee notes that the road in *Luten* was maintained by the employer at the time of the accident, she overlooks the fact that the employee was crossing in a *crosswalk painted by and maintained by the employer* when she was injured. *Id.* The court found the employer actively extended its premises to include the crosswalk on these facts. *Id.* Thus, *Luten* would more clearly support A.G. Edwards' liability if employee had been injured while crossing Market in the Beaumont crosswalk rather than at a point 100 feet east of it. This ruling is consistent with the guidelines set out in *Pulliam, Davis* and *Gildehaus.* Employer-maintained crosswalks openly invite employees to cross public thoroughfares over which employers have no other control.

A.G. Edwards created the crossing area with the city's permission and repeatedly encouraged employees to use it. At no time did the company approve of or encourage employees to cross Market at any other point. Market is a public thoroughfare, and A.G. Edwards has no control over either the street or the members of the general public using it. Thus, A.G. Edwards' premises did not extend to the segment of Market where employee's injury occurred. Employee's injury, therefore, did not arise out of or in the course of her employment and is not compensable. Point denied.

Based on the foregoing, the decision of the Commission is affirmed.

REINHARD, P.J., and CRAHAN, J., concur.