No. 72,299

MELVA CHAPMAN, *Appellant*, v. BEECH AIRCRAFT CORP.,
*Appellee.*
(907 P.2d 828)

Opinion filed December 8, 1995.

*Brian D. Pistotnik*, of Brian and Tamara Pistotnik, P.A., of Wichita, argued the cause and was on the brief for appellant.

*Jeff C. Spahn, Jr.*, of Martin, Pringle, Oliver, Wallace & Swartz, L.C., of Wichita, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

SIX, J.: This is a workers compensation case interpreting the "special hazard" exception to the K.S.A. 44-508(f) "going and coming rule." Melva Chapman, an employee of Beech Aircraft Corp., was injured while crossing a public street between a company-owned parking lot and the plant where she worked. The Administrative Law Judge (ALJ) entered a workers compensation award, determining that Chapman's injuries arose out of and in the course of her employment. The Workers Compensation Board (Board) reversed the ALJ's findings. The Court of Appeals reversed the Board and reinstated the ALJ's award. *Chapman v. Beech Aircraft Corp.*, 20 Kan. App. 2d 962, 894 P.2d 901 (1995). We granted Beech's petition for review. Our jurisdiction is under K.S.A. 21-3018(b).

We affirm the Court of Appeals and reverse the Board. Chapman is covered by workers compensation.

## THE QUESTION

Did the Court of Appeals err in determining that the special hazard exception to the going and coming rule of K.S.A. 44-508(f) applies and, consequently, Chapman's injuries arose out of and in the course of her employment with Beech?

## FACTS

The facts are quoted from the Court of Appeals opinion:

"Chapman was injured while going to work as she crossed, on foot, a busy public street (Central Street) in Wichita, Kansas. The street runs between the Beech's company-owned parking lot and the aircraft plant where Chapman worked. Beech owns all of the property on the south side of Central where the parking lot is located for a distance of about one mile. The majority of the property on the north side is also owned by Beech, with the exception of a few residences. All Beech employees who park in the lot are required to cross Central Street in order to get to work. There are three crosswalks available for use by the employees who cross the street in the general area in question. Beech issues parking stickers to its employees which allow them to park in this particular lot.

"On the day of Chapman's injury, January 8, 1991, she was to report for work at 7:00 a.m. She parked in the lot at approximately 6:40 a.m. and was injured when she was struck by a vehicle while she was attempting to cross Central Street in the middle of the block. Chapman was not using any of the designated crosswalks at the time of the occurrence. She had not yet clocked in for work at the

time of the accident. In summary, Chapman was between the premises of her employer on a public street at the time of the injury and had not yet assumed her duties of employment." 20 Kan. App. 2d at 963.

## DISCUSSION

The Kansas Workers Compensation Act (the Act), K.S.A. 44-501 *et seq.*, is to be liberally construed for the purpose of bringing employers and employees within the provisions of the Act to provide the protection of the Act to both. The Act is to be applied impartially to both employers and employees. K.S.A. 44-501(g). The burden of proof rests by statute on Chapman to prove "the various conditions of which [her] right depends." See K.S.A. 44-501(a), see K.S.A. 44-508(g).

K.S.A. 44-508(f) provides in relevant part:

"The words 'arising out of and in the course of employment' as used in the workers compensation act shall not be construed to include injuries to the employee occurring while the employee is on the way to assume the duties of employment or after leaving such duties, the proximate cause of which injury is not the employer's negligence. An employee shall not be construed as being on the way to assume the duties of employment or having left such duties at a time when the worker is on the premises of the employer *or on the only available route to or from work which is a route involving a special risk or hazard and which is a route not used by the public except in dealings with the employer.*" (Emphasis added.)

The first sentence of K.S.A. 44-508(f) establishes the going and coming rule, which bars an employee injured on the way to or from work from workers compensation coverage. The last sentence of 44-508(f) describes the premises and special hazard exceptions. If the employee is injured on the way to or from work while on the employer's premises or on a special hazard route, the employee is eligible for coverage. This case deals with the special hazard exception.

The question of whether the K.S.A. 44-508(f) special hazard exception in the going and coming rule applies must be addressed on a case-by-case basis. See *Messenger v. Sage Drilling Co.*, 9 Kan. App. 2d 435, 438, 680 P.2d 556, *rev. denied* 235 Kan. 1042 (1984).

## ALJ and Board Findings

The ALJ crafted his rationale after a concept he identified as the

"majority rule." He did not rely on either the premises or the special hazard exceptions to K.S.A. 44-508(f).

"If this case were viewed as one in which the claimant was on her way to work it would not be considered compensable since the route claimant was injured on, while it did have a special risk or hazard, was not a route which is used by the public only in dealing with respondent.

"In this case claimant argues that she had already arrived at work. If she had been injured in the parking lot, and had not been attempting to cross the street to the plant, her accident would have been considered compensable without question.

"The question to be addressed in this case is whether Kansas would follow the majority rule cited by claimant, as set out in <u>Larson's Workman's Compensation Law</u>, Sections 15.14(a) and (b), that injuries sustained by employees on a public road while going between two parts of the employer's premises are compensable. I find that Kansas would follow that rule."

The Board, in reversing the ALJ, determined that in view of *Thompson v. Law Offices of Alan Joseph*, 19 Kan. App. 2d 367, 372, 869 P.2d 761 (1994) (later affirmed by this court at 256 Kan. 36, 883 P.2d 768 [1994]), the more liberal rule stated in Larson's treatise did not apply in Kansas. The Board concluded neither the premises nor the special hazard exception to K.S.A. 44-508(f) applied:

"In order to reach the plant claimant had to cross Central Street in one of the several available crosswalks. Claimant, electing to forego the use of the crosswalks, jaywalked across Central Street. . . .

. . . .

"The claimant in this instance was injured while crossing a busy city street in Wichita, Kansas. The claimant was on her way to assume the duties of employment but it can not be said that the route across Central is a route involving a special risk or hazard and it further cannot be said it is a route not used by the public except in dealings with the employer. Central Street, in that vicinity, is a major city artery to several businesses in east Wichita."

## The Court of Appeals Opinion

The Court of Appeals agreed that the premises exception in 44-508(f) did not apply, because Central Street, where the injury occurred, was not on Beech's premises. However, the Court of Appeals determined that the special hazard exception did apply. We agree. Beech argued that since Chapman could have used any one

of three crosswalks on Central Street, but instead chose to jaywalk, the route she chose was not the only "available route." The Court of Appeals reasoned that since Beech did not argue the crosswalks are any safer than Chapman's path or that Chapman's path was illegal, Chapman's only available route would include crossing Central Street "generally," including the route that she actually took. The Court of Appeals: (1) found that Central Street was a heavily traveled major artery in Wichita; (2) took judicial notice of the fact that the street would be dark at 6:40 a.m. on January 8, 1991; (3) determined that the street constituted a "special risk or hazard"; and (4) determined that the only pedestrians using this route (across Central Street) would be Beech employees or persons having dealings with Beech. 20 Kan. App. 2d at 968-70.

## Standard of Review

In *Kindel v. Ferco Rental, Inc.*, 258 Kan. 272, 277, 899 P.2d 1058 (1995), we set out the standard of review to be applied to the Board's decisions:

"Review of the Board's decision is now by the appellate courts in accordance with the Act for Judicial Review and Civil Enforcement of Agency Actions, K.S.A. 77-601 *et seq.* See L. 1995, ch. 1, § 3.

"Under K.S.A. 77-621, appellate review is explicitly limited to questions of law. That statute states in relevant part:

'(c) The court shall grant relief only if it determines any one or more of the following:

. . . .

'(4) the agency has erroneously interpreted or applied the law;

. . . .

'(7) the agency action is based on a determination of fact, made or implied by the agency, that is not supported by evidence that is substantial when viewed in light of the record as a whole . . . ; or

'(8) the agency action is otherwise unreasonable, arbitrary or capricious.' "

In this case, there do not appear to be any factual disputes (although the record reflects an absence of factual information concerning the crosswalks). Therefore, our review concerns the legal question of whether the special hazard exception applies to the facts.

## Special Hazard Exception

In *Thompson,* 256 Kan. at 40, we noted that the legislature codified the premises exception and adopted the special hazard exception in K.S.A. 44-508(f) after our decision in *Chapman v. Victory Sand & Stone Co.*, 197 Kan. 377, 416 P.2d 754 (1966). *Victory Sand & Stone Co.* denied coverage to the widow of a workman killed at a railroad crossing a few feet from the plant entrance on the only available route to his employment. 197 Kan. at 384.

The single case construing the 44-508(f) special hazard provision is *Bay v. Funk*, 19 Kan. App. 2d 440, 871 P.2d 268 (1994). Bay was a security guard under contract to Exide Corporation. His duties required him to stop trucks leaving the plant to inspect rear door seals. As Bay was inspecting a truck, Funk, an Exide employee on his way to work, ran a stop sign and hit Bay. Although covered as a statutory employee under Exide's workers compensation plan, Bay filed a personal injury action against Funk. The district court dismissed the action (an employee covered by the Act injured by a co-employee engaged in actions arising out of and in the course of employment may not bring a separate action against that employee for negligence). The test was whether Funk would have been entitled to receive compensation had he been injured in the same accident. 19 Kan. App. 2d at 442. The Court of Appeals determined that the special hazard exception in 44-508(f) applied to Funk; thus, Bay could not maintain a separate action against Funk. 20 Kan. App. 2d at 443.

## Cases From Other Jurisdictions

Although the Kansas special hazard exception is codified, a majority of jurisdictions have adopted a common-law exception to the going and coming rule. See 1 Larson, The Law of Workmen's Compensation § 15.13(a) (1995). Larson describes the special hazard exception as when "the off-premises point at which the injury occurred lies on the only route, or at least on the normal route, which employees must traverse to reach the plant, and . . . therefore the special hazards of that route become the hazards of the employment." Larson, § 15.13.

Larson's description is less restrictive than the K.S.A. 44-508(f) definition, which requires not only that a "special hazard" be present, but that the route be the "only available" one and one "not used by the public except in dealings with the employer." Because of the legislature's authority to establish policy and the legislative exceptions to the going and coming rule expressed in K.S.A. 44-508(f), street crossing cases from other jurisdictions require careful reading when considered for precedential merit in this jurisdiction.

Courts in other jurisdictions have considered whether crossing a public street adjacent to the employer's premises falls within the common-law special hazard exception with a variety of results.

### A. Coverage Denied

In *Hafner v. A.G. Edwards & Sons*, 903 S.W.2d 197 (Mo. App. 1995), Hafner was hit by a car in the street in front of her employer's premises on the way to the employee parking lot. The pivotal issue was whether the employer's premises could be extended to include the area of the street where Hafner was injured. 903 S.W.2d at 200. The employer had obtained permission from the city to install a crosswalk controlled by a traffic signal to assist employees in crossing the street between the parking lot and the employer's premises. The employer had handed out leaflets to employees on three occasions encouraging them to use the crosswalk. Hafner did not use the crosswalk. She argued that the employer had subjected her to a special hazard in requiring her to cross the street between the parking lot and the employer's premises. The court denied coverage because: (1) the employer had not encouraged employees to cross the street at any point other than the crosswalk; (2) the street (including the crosswalk) was open to the general public, and the employer never exerted or attempted to exert any control over it; and (3) by choosing not to use the crosswalk, Hafner "subjected herself to the same hazards as any member of the general public who chooses to cross a public thoroughfare outside a painted crosswalk." The *Hafner* court emphasized that the employer provided the traffic light and crosswalk as a safer alternative, to assist employees. 903 S.W.2d at 201.

Coverage was also denied in *Verret v. Travelers Insurance Company*, 166 So. 2d 292, 294-95 (La. 1964) (Employee was hit by a car and killed while crossing a private drive, not owned by the employer, adjacent to the employer's premises, which employees used going to and from work. No "unusual risks" or "peculiar hazard" from the traffic existed. The general public was equally exposed to any such risk.). See also *Maddox v. Heaven Hill Distilleries, Inc.*, 329 S.W.2d 189 (Ky. 1959) (Employee was hit by a car as he crossed the public highway between employer's premises and the employer-furnished parking lot. No coverage.).

> "When we test the facts of the instant case by our definition of 'arising out of' we find that this injury did not result from a risk connected with Maddox' employment because all persons using public highways are exposed to the same hazard. It did not result from a danger peculiar to the [employer's] industry." 329 S.W.2d at 191.

## B. Coverage Applied

In *State ex. rel. McDonnell v. Luten*, 679 S.W.2d 278 (Mo. 1984), Luten, leaving work, was struck by a car in a crosswalk between the employer's premises and an employer-provided bus shelter. The employer had painted and maintained the crosswalk, illuminated it, and maintained the surface of the roadway. The employer also furnished the bus to be taken by Luten. Luten filed a negligence claim against the employer. The employer sought to have the case dismissed, arguing the claim was under the exclusive jurisdiction of workers compensation. The court agreed.

> "[T]he only conclusion available . . . was that the route over which plaintiff was travelling was expressly approved by [employer] as a means of access to its facility. In addition, it is clear that the hazard to which the plaintiff was exposed along this route was precisely the hazard which caused the injury, *i.e.*, the risk of being struck by vehicular traffic." 679 S.W.2d at 280.

In *Montgomery v State Industrial Accident Com'n*, 224 Or. 380, 356 P.2d 524 (1960), it was held that the crossing was a "special risk" and, therefore, the street became an extension of the employer's premises.

> "[T]he source of danger was the vehicles which ran up and down the street the plaintiff was required to cross. . . . We do not believe that it would be reasonable

to rule that although a railroad train is a source of hazard to those who must cross its tracks a motor truck, although it not infrequently runs in a squadron-like formation with other vehicles, is not a source of hazard." 224 Or. at 391-92.

See also *Goff v. Farmers Union Accounting Service, Inc.*, 308 Minn. 440, 241 N.W.2d 315 (1976) (injury compensable under workers compensation; street crossing between parking lot and employer's premises constituted a special hazard); *Ingalls Shipbuilding v. Dependents of Sloane*, 480 So. 2d 1117, 1119 (Miss. 1985) (premises on each side of the access road owned by employer; no crosswalks mentioned; special hazard exception was applied; evidence not sufficient to show that claimant had a practical alternate route to avoid the inherent danger of heavy southbound traffic); *Buechi v. Arcata Graphics*, 97 App. Div. 2d 579, 580, 468 N.Y.S.2d 65 (1983) (Compensation awarded to employee hit at entrance of parking lot. The parking lot entrance was a special hazard, as evidenced by the employer obtaining permission to install a traffic signal to control the heavy vehicular traffic.). In *Swanson v. General Paint Company*, 361 P.2d 842 (Okla. 1961), an employee was struck by a car and killed while walking across a public highway between the employer-furnished parking lot and the employer's premises. No crosswalk was mentioned. The State Industrial Court denied workers compensation benefits. The lower court in *Swanson* affirmed that denial, but the Supreme Court of Oklahoma reversed, stating:

"We think that the proper rule is that where the only route from one portion of an employer's premises used by the employee to the portion of employer's premises where the labor of [the] employee is performed necessitates the crossing of a highway which is a special hazard, that injury incurred on such highway crossing arises out of and in the course of employment." 361 P.2d at 845.

Although it is difficult to draw firm conclusions from such a variety of holdings, a few generalizations can be made. The earlier cases held that a pedestrian's exposure to vehicle traffic in crossing a street was not a particular hazard. *Verret*, 166 So. 2d 292; *Maddox*, 329 S.W.2d 189. However, as the Oregon Supreme Court noted in *Montgomery*, 224 Or. 380, motor vehicles moving in an unrestrained fashion present a hazard. If the employee was injured crossing the street either in a marked crosswalk or in the vicinity

of a traffic signal or dangerous intersection sign, courts have applied the common-law special hazard exception to determine that workers compensation covered the injury. *Luten*, 679 S.W. 2d 278; *Montgomery*, 224 Or. 380; *Ingalls Shipbuilding*, 480 So. 2d 1117; *Buechi*, 97 App. Div. 2d 579. If the employee was injured crossing a street with no crosswalk, one court awarded coverage (*Swanson*) and two did not (*Maddox; Verret*). In only one of the cases we have referenced did a court award compensation to an employee injured while jaywalking across the street when crosswalks were available. In *Goff*, the court had information that the employer acquiesced to employees jaywalking across the street directly in front of the building where they worked. Also, one crosswalk was 2 blocks away, and the other was 150 feet away. A tunnel was available, but it was 500 feet away. 308 Minn. at 441.

We find no evidence in the record that Chapman was required, invited, or encouraged by Beech to cross Central using a crosswalk or other specified course. Our examination of the record supports the conclusion that Central Street is a heavily traveled major artery in Wichita. We agree with the Court of Appeals that Chapman's route to work involved a special risk or hazard under 44-508(f).

## Special Hazard Element

In our view, vehicle traffic may constitute a special hazard, depending on the circumstances. The record indicated that Central Street is a busy public street in Wichita, the largest city in Kansas. The Board found: "Central Street, in that vicinity, is a major city artery to several businesses in east Wichita." However, the Board determined that: "[t]he route across Central [Street was not] a route involving a special risk or hazard." The ALJ determined that the route Chapman took "did have a special risk or hazard." The Court of Appeals found that "Chapman's route to work constituted a special risk or hazard." We agree. We hold that Chapman carried her statutory burden under K.S.A. 44-501(a) to show that crossing Central Street was a special risk or hazard.

## Only Available Route

Chapman testified that there were three crosswalks in the vicin-

ity of the Beech plant and that she could have used a crosswalk to cross Central. There is no evidence in the record either as to how far these crosswalks were from the path Chapman took across Central Street, or that any of the crosswalks were controlled by a traffic signal.

Beech mentions *Chadwell v. Clements*, 18 Kan. App. 2d 84, 847 P.2d 1344 (1993), a case Beech contends involved the same crosswalks at issue in the present case. Beech apparently requests that this court take judicial notice of the facts in *Chadwell* concerning the crosswalks and traffic signals. We decline to do so. The *Chadwell* facts do not establish the location or condition of the crosswalks or traffic signals at the time of Chapman's injury. Chapman's location when she was injured is not a key factor. During oral argument, counsel for Beech was asked, "[W]ould there have been coverage had she [Chapman] been in the crosswalk or in the place where the stoplight was when she was hit by a vehicle?" The following dialogue developed:

"[BEECH'S COUNSEL:] I don't believe so.

"[COURT:] So it doesn't make any difference whether she's in the crosswalk or [jaywalking], there's not coverage either way in your idea.

"[BEECH'S COUNSEL:] In my opinion, they have to show that there was a special hazard associated here. Something that presumably Beech had some control over."

The Court of Appeals reasoned that because there was no showing that any of the crosswalks would have provided Chapman any safer route, the "only available route" must encompass any path "generally in a southerly direction across Central Street to the Beech plant," without regard to use of the crosswalks. 20 Kan. App. 2d at 969. We agree. Chapman had to cross Central at some point in order to travel from the parking lot to the plant where she worked.

## Route Not Used By Public

The record indicated that Central Street is used by the public in general, including people going to Beech facilities or other places west or east of Beech. However, Chapman testified that the only people she observed crossing Central Street were other Beech

employees using the parking lot or people needing to go to Beech. In addition, Chapman testified that Beech owned property on both the north and south sides of the street. Beech contends that because the public uses Central Street to reach Beech and destinations on either side of Beech, Chapman's route fails to meet the K.S.A. 44-508(f) criteria of being used only by Beech employees or others having dealings with Beech. The ALJ determined that Chapman's route was not "used by the public only in dealing with [Beech]." The Board also made the same finding. The Court of Appeals determined that the relevant route was not along Central Street but across the street.

The Court of Appeals' analysis on this issue seems to be the only one supported by the record. Chapman walked across Central, not along it, in going to work. The fact that Central Street carried traffic to other destinations seems irrelevant. The traffic presented the risk or hazard. There was nothing in the record to indicate that anyone other than Beech employees, or persons dealing with Beech, crossed Central Street at that point.

Under the facts of this case, where the employee uses a company-owned parking lot on one side of a public street that is a heavily traveled major city artery and must walk across that street to reach the company's plant for work, and where the general public uses such route only in dealing with the employer, we hold that such employee is using a route that involves a special risk or hazard.

## Beech's K.S.A. 44-501(d)(1) Argument

Beech asserts that Chapman should be denied coverage because of K.S.A. 44-501(d)(1), which provides:

"If the injury to the employee results from the employee's deliberate intention to cause such injury; or from the employee's willful failure to use a guard or protection against accident required pursuant to any statute and provided for the employee, or a reasonable and proper guard and protection voluntarily furnished the employee by the employer, any compensation in respect to that injury shall be disallowed."

Beech suggests that by not using a crosswalk, Chapman chose not to use the provided safety devices. Beech raises this argument for the first time on appeal. A point not presented to the trial court

will not be considered for the first time on appeal. *Hephner v. Traders Ins. Co.*, 254 Kan. 226, 231, 864 P.2d 674 (1993). In addition, nothing in the record indicates that 44-501(d)(1) applies.

The judgment of the Court of Appeals reversing the Board is affirmed. The order of the Board is reversed. That portion of the ALJ's decision finding Chapman's accident compensable and awarding compensation to her and against Beech is reinstated.