(15 P.3d 853)

No. 85,318

KATHRYN WILSON, *Appellant*, v. MERCY HEALTH CENTER, and KANSAS HOSPITAL ASSOCIATION, *Appellees*.

Opinion filed December 22, 2000.

*Seth G. Valerius*, of Topeka, for appellant.

*John A. Bausch*, of Goodell, Stratton, Edmonds & Palmer, L.L.P., of Topeka, for appellees.

Before LEWIS, P.J., RULON, J., and GLENN D. SCHIFFNER, District Judge, assigned.

*Per Curiam*: Claimant Kathryn Wilson appeals the Workers Compensation Board's (Board) decision finding claimant's injury did not arise in the course of claimant's employment. We affirm.

At the time of the injury, claimant was a surgical nurse at Mercy Health Center. Over time, claimant's hearing had deteriorated due to illness and aging. Claimant's supervisor informed claimant that her hearing troubles interfered with claimant's work and posed a safety risk to the patients. Claimant visited an audiologist on her own time in order to be fitted for hearing aids in both ears. When the physician attempted to cast a mold of claimant's right ear, claimant's eardrum ruptured. Claimant suffered permanent hearing loss in her right ear as a result of the accident.

Claimant contends the injury arose out of and in the course of her employment because the supervisor's admonishment was the impetus for getting fitted for the hearing aids. The administrative law judge and the Board disagreed and denied coverage.

Whether an injury arose out of and in the course of employment is a question of fact, and we review for substantial competent evidence. *Brobst v. Brighton Place North*, 24 Kan. App. 2d 766, 771, 955 P.2d 1315 (1997). In general, courts construe the Worker's Compensation Act, K.S.A. 44-501 *et seq.*, liberally for the purpose of bringing employers and employees within the coverage of the Act. *Chapman v. Beech Aircraft Corp.*, 258 Kan. 653, 655, 907 P.2d 828 (1995).

The phrases "arising out of" and "in the course of" employment, as used in the Workers Compensation Act, have separate and distinct meanings. The phrase "arising out of" employment points to the cause or origin of the accident and requires some causal connection between the accidental injury and the employment. The phrase "in the course of" employment relates to the time, place, and circumstances under which the accident occurred and means the injury happened while the worker was at work in the employer's service. *Kindel v. Ferco Rental, Inc.*, 258 Kan. 272, 278, 899 P.2d 1058 (1995).

Claimant cites no case in which a claimant received compensation for an injury resulting from negligent medical treatment, when the claimant was neither injured on the job or on an employer-specific errand. Arguably claimant was required to address her hearing problem in order to maintain employment. That alone is insufficient. Claimant's original hearing loss was not caused by working conditions or by an accident at work. Claimant was not on company business when she underwent the treatment. *Brobst* does not apply because in that case the claimant was attending professional training specific to her job, an activity understood as intrinsic to her profession. 24 Kan. App. 2d at 774-75. Treatment for hearing loss not attributable to work conditions is not compensable. See *Dept. of Health and Rehab. Services v. Meade*, 499 So. 2d 877 (Fla. Dist. App. 1986), *rev. denied* 508 So.2d 14 (Fla. 1987) (injury during visit to health center for blood pressure test was not compen-

sable, even where receiving sick leave from work was contingent on the results of the test).

Affirmed.