Leman ASH, Appellant,

v.

AHAL CONTRACTING COMPANY, Respondent.

No. WD 51184.

Missouri Court of Appeals,
Western District.

Feb. 27, 1996.

Kevin Shelton, Lake Ozark, for appellant.

Carl T. Clark, St. Louis, for respondent.

Before ELLIS, P.J., and HANNA and SPINDEN, JJ.

HANNA, Judge.

The appellant, Leman Ash, appeals from a final award of the Labor and Industrial Relations Commission, which adopted the findings and conclusions of the Administrative Law Judge and denied him additional temporary total disability compensation. The sole issue before this court is the proper computation of Mr. Ash's average weekly wage for purposes of calculating his temporary total disability compensation.

Our review of the Commission's decision is limited to a determination of whether the findings are authorized by law and

supported by competent and substantial evidence on the whole record. *Bowman v. Zenith Radio Corp.,* 895 S.W.2d 276, 280 (Mo. App.1995). We review questions of law only, and may modify, reverse, remand for rehearing, or set aside an award only if: (1) the Commission acted without or in excess of its powers; (2) the award was procured by fraud; (3) the facts found by the Commission do not support the award; or (4) there was not sufficient competent evidence in the record to warrant the making of the award. *Johnson v. Evans & Dixon,* 861 S.W.2d 633, 635 (Mo.App.1993).

Mr. Ash worked for various concrete companies on an as-needed basis out of a local union hall. He was employed by Ahal Contracting Company, on a sporadic basis between April 1992 and January 1993. While working for Ahal, Mr. Ash received an hourly wage of $17.35. His total earnings from Ahal were $3,413.70, and paychecks totaling this amount were received during ten different pay periods.

■ On January 22, 1993, in the course and scope of his employment with Ahal, Mr. Ash was injured when a steel beam fell and fractured his ankle. The parties were in agreement as to the amount of and applicable compensation rate for permanent partial disability. They also agreed that Mr. Ash had sustained 37 and ³⁄₇ weeks of temporary total disability. Ahal paid Mr. Ash $8061.46 for this period of temporary total disability, based on a disputed weekly compensation rate of $215.38. The parties filed a stipulation of issues with the ALJ and were allowed to brief the issue of the proper compensation rate for temporary total disability. The ALJ concluded that Ahal owed no additional compensation for temporary total disability and the Commission affirmed.

Mr. Ash concedes that the ALJ correctly concluded that § 287.250.4, RSMo 1992, applied to his situation due to the intermittent and part-time nature of his work. This provision states:

If pursuant to this section the average weekly wage cannot fairly and justly be determined by the formulas provided in subsections 1 to 3 of this section, the division or the commission may determine the average weekly wage in such manner and by such method as, in the opinion of the division or the commission, based upon the exceptional facts presented, fairly determine such employee's average weekly wage.

Applying this provision, the ALJ found Mr. Ash's average weekly wage to be $323.07. The ALJ arrived at this figure by dividing the total salary as she calculated it, $3230.74, by the ten pay periods that Mr. Ash worked for Ahal. Using $323.07 as the average weekly wage, the ALJ concluded that the "fair determination" of the appropriate compensation rate for temporary total disability was $215.38.

Mr. Ash contends that the ALJ's computation of the average weekly wage was not a fair one. Mr. Ash states that the ALJ took the first step toward making a "fair and just" determination, but then back-tracked and applied § 287.250.1(4) by simply dividing the total wages received by the total number of weeks worked. Mr. Ash asserts that this approach was based upon circular reasoning and was not supported by logic, equity, or the law.

■ According to Mr. Ash the only way to fairly and justly compensate him for his actual loss of income due to his injury is to apply the statutory maximum in effect on the date of his accident. Mr. Ash supports his argument by noting that he would have been entitled to the statutory maximum under the version of § 287.250 in effect prior to the date of Mr. Ash's accident, as well as under the version that went into effect after his accident. Consequently, Mr. Ash argues, the Commission's decision effectively punished him for being injured in January 1993, because of this apparent gap in the statutory determination of average weekly wages.

Mr. Ash contends that the Commission should have used § 287.250.8, RSMo 1994, which went into effect August 28, 1994, as guidance in order to make a fair determination of his average weekly wage. This subsection provides:

For an employee with multiple employments, the employee's total average weekly wage shall be equal to the sum of the

total average weekly wage computed separately for each employment pursuant to the provisions of this section to which the employee is unable to return because of the injury.

Mr. Ash maintains that because he was employed at $17.35 per hour and normally worked a 40 hour week, whether for one or more employers, his actual average weekly wage was $694. Based upon this average weekly wage, the appropriate compensation rate for calculating temporary total disability is the statutory maximum, $449.80.

However, even if it would have been appropriate for the Commission to apply this provision, Mr. Ash's argument fails because, although he asserted in the record that he "mostly works 40 hour weeks," he submitted no evidence showing what other employers he worked for or actual wages earned while working for these other employers. The record does not support the application of this provision.

Instead, the Commission made use of the only wage information presented to fairly determine Mr. Ash's average weekly wage. In making this determination the Commission first found, based upon Mr. Ash's wage transcript, that he was compensated by Ahal as follows:

| | | |
|---|---|---|
| 04–16–92 | 16 hours | $ 303.63 |
| 05–21–92 | 33 hours | $ 581.22 |
| 06–11–92 | 40.5 hours | $ 727.39 |
| 07–23–92 | 18 hours | $ 339.16 |
| 08–06–92 | 18 hours | $ 329.65 |
| 09–10–92 | 19 hours | $ 338.32 |
| 10–29–92 | 16 hours | $ 285.60 |
| 11–03–92 | 8.5 hours | $ 156.19 |
| 12–03–92 | 9 hours | $ 169.58 |
| 01–28–93 | 9.5 hours | $ 182.96 |

The Commission assumed that the paychecks shown in the wage transcript reflected weekly earnings, because they did not reflect monthly or bi-monthly time periods. This assumption benefitted Mr. Ash, and neither party contends that the Commission erred by making such an assumption. The Commission then found that Mr. Ash worked for Ahal during ten separate weeks during a ten-month period earning a total of $3230.74. The Commission divided this total by ten, representing the number of weeks that Mr. Ash worked for Ahal, and found his average weekly wage to be $323.07. The Commission then found that two-thirds of this amount, $215.38, was the fair determination of the appropriate compensation rate for temporary total disability.

■ Although we find no error in the method used, we agree with the parties that the Commission did make a mathematical error in calculating the average weekly wage. In calculating the total amount that Mr. Ash earned during the ten-month period in which he worked for Ahal, the Commission appears to have accidentally omitted the amount earned in the last period, $182.96. The findings of fact and rulings of law indicate that the Commission intended to include this amount in making a fair determination of Mr. Ash's average weekly wage.

Ahal contends that the Commission intentionally disregarded the amount earned in the last period, because for purposes of calculating an employee's average weekly wage, only the weeks immediately preceding the week in which the employee was injured are to be considered pursuant to § 287.250.1(4). Ahal continues that if it was appropriate to disregard the final period, then the Commission should have divided by nine, representing the number of weeks prior to the week in which he was injured that Mr. Ash worked for Ahal, which would result in an average weekly wage of $358.97.

However, a close examination of the findings of fact and conclusions of law demonstrates that this omission of the amount earned in the last period could not have been intentional. First, as noted by Mr. Ash, the language in the Commission's findings demonstrates an intention to include all ten periods. Second, if the Commission did intentionally disregard the final period pursuant to § 287.250.1(4), then it erred in doing so. The Commission specifically found the appropriate provision for calculating Mr. Ash's temporary total disability rate to be § 287.250.4, which by its very language cannot be used unless the Commission has found that the average weekly wage cannot be justly determined by the formulas contained in § 287.250.1 through § 287.250.3. Had the Commission intentionally disregarded the last period, it would have been applying the

formula contained in § 287.250.1(4). Because this would contradict the express language used by the Commission, we cannot agree with Ahal that the Commission intentionally disregarded the last period.

Ahal concedes that if the Commission did intend to use all ten periods then the total compensation earned by Mr. Ash is $3413.70 rather than $3230.74. Consequently, Mr. Ash's average weekly wage over the ten pay periods is $341.37.

The Commission's award is affirmed as to the formula used in determining Mr. Ash's average weekly wage. However, the case is remanded to the Commission to recalculate the compensation rate for temporary total disability to correct the mathematical error in accordance with this opinion.

All concur.