Irma ESQUIVEL, Employee,

v.

DAY'S INN OF BRANSON,
Employer–Appellant,

and

Insurance Company of North America,
Insurer–Appellant,

Cox Medical Center, Respondent.

No. 21707.

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 14, 1998.

Rex. R. Redhair, Kansas City, for Appellants, Day's Inn and Ins. Co. of North America.

Jason N. Shaffer, Hulston, Jones, Gammon & Marsh, Springfield, for Respondent.

BARNEY, Judge.

This action was brought to resolve a medical fee dispute between a health care provider and an insurance company which arose from an underlying workers' compensation claim. Day's Inn of Branson and Insurance Company of North America (Appellants) appeal from the final award of the Labor and Industrial Relations Commission (Commission) which ordered Appellants to reimburse Cox Health Systems (Respondent) for medical fees in the sum of $1,092.41. The Commission reversed the decision made by the administrative law judge.

On December 10, 1993, Irma Esquivel (Employee) sustained an accident while employed at Day's Inn of Branson, compensable under the Workers' Compensation Law. *See* Chapter 287, RSMo 1994. She received authorized medical treatment, temporary disability benefits and permanent disability, all of which were provided for pursuant to a written settlement agreement which was executed on December 27, 1995. Part of Employee's authorized medical treatment was rendered to her through Cox Health Systems (Respondent). She underwent a laminectomy.[1] She is not a party to this action. *See* § 287.140.4.[2]

Respondent submitted a bill to Insurance Company of North America in the sum of $13,201.25 for services provided to Employee. The insurance company adjusted the bill and forwarded payment to Respondent in the sum of $12,108.84. Thereafter, Respondent filed an application for payment of the difference between its original bill and the amount paid. An evidentiary hearing was held on December 18, 1995, wherein the issue was the reasonableness of the additional $1,092.41 that Respondent was requesting pursuant to its original bill.

On September 23, 1996, the administrative law judge (ALJ) entered an award denying the additional money Respondent requested. Respondent then appealed to the Labor and Industrial Relations Commission. On April 25, 1997, the Commission entered its award,

---

1. A laminectomy is defined as the "excision of the posterior arch of a vertebra." THE SLOANE-DORLAND ANNOTATED MEDICAL-LEGAL DICTIONARY 403 (West 1987).

2. All statutory references are to RSMo 1994, unless otherwise stated.

which reversed the ALJ and awarded Respondent the additional $1,092.41.

Appellants appeal the Commission's award to this Court, assigning one point of error. They aver that the Commission erred in awarding additional amounts to Respondent as a reasonable fee for services because Respondent failed to meet its burden of proof regarding the reasonableness of the charge for its services.

On review, the record and all reasonable inferences drawn from the evidence are viewed in the light most favorable to the Commission's findings and award to determine whether they are supported by competent and substantial evidence. *Coloney v. Accurate Superior Scale Co.*, 952 S.W.2d 755, 758 (Mo.App.1997). If the record supports the award, a determination is then made regarding whether the Commission's findings and award are clearly contrary to the overwhelming weight of the evidence contained in the whole record before the Commission. *Id.* Decisions that are clearly interpretations or applications of law, rather than determinations of fact, are reviewed for correctness without deference to the Commission's judgment. *Id.* Credibility of witnesses is for the Commission's determination. *Hubbert v. Boatmen's Bank*, 944 S.W.2d 302, 305 (Mo. App.1997).

With regard to the payment of the additional $1,092.41, the Commission found that Respondent provided testimony and evidence regarding the amount and reasonableness of its bill. Relying on *Martin v. Mid–America Farm Lines, Inc.*, 769 S.W.2d 105, 111–12 (Mo. banc 1989), the Commission determined that the burden to produce evidence that Respondent's bill was not fair and reasonable shifted to Appellants. Appellants presented no testimony or evidence. The Commission found that Appellants failed to meet their burden of proof.

On appeal, Appellants maintain that Respondent failed to meet its burden of proof; that the burden of going forward with the evidence did not shift to the Appellants. We disagree.

We address Appellants' latter assertion regarding their burden of proof first. While we have found no Missouri case directly on point, we are persuaded that *Martin*, 769 S.W.2d 105 and *Metcalf v. Castle Studios*, 946 S.W.2d 282 (Mo.App.1997) are instructive and authoritative.

In *Martin*, the employer challenged the reasonableness of the employee's medical bills relating to an injury compensable under the Workers' Compensation Law. *Martin*, 769 S.W.2d at 111. Our supreme court determined that section 287.140.3 "requires a showing that compensable medical charges be 'fair and reasonable for similar treatment of other similarly injured persons....' " *Id.* Further, the supreme court held that "[w]e believe that when ... testimony accompanies the [medical] bills, which the employee identifies as being related to and the product of her injury, and when the bills relate to the professional services rendered as shown by the medical records in evidence, a sufficient factual basis exists for the commission to award compensation." *Id.* at 111–12. The supreme court noted that the "employer, of course, may challenge the reasonableness or fairness of these bills or may show that the medical expenses incurred were not related to the injury in question." *Id.* at 112.

Similarly, in *Metcalf*, the employer challenged the reasonableness and fairness of the employee's medical bills related to an injury compensable under the Workers' Compensation Law. *Metcalf*, 946 S.W.2d at 287. The court determined that the claimant testified as to the treatment she received and introduced her medical bills relating to her injury in evidence. *Id.* The employer made no showing that the employee's medical bills were not fair and reasonable. *Id.* Thus, the court held that because the employer made no attempt to challenge the reasonableness or fairness of the bills and because it did not establish that the bills were not related to the injury, it was required to reimburse the employee for the payment of her medical bills. *See id.* at 287–88.

The principal distinction between *Martin* and *Metcalf* with the instant matter is that, here, it is the health care provider seeking reimbursement for medical fees rather than the injured employee. However, because section 287.140 expressly governs medical fee

disputes, whether it is the employee or health care provider seeking reimbursement, we find the distinction immaterial. *See* § 287.140; *Martin*, 769 S.W.2d at 111; and *Metcalf*, 946 S.W.2d at 287.

Moreover, regarding the application of the foregoing authority to the instant matter, we note that disputes between health care providers and employers or insurance companies regarding medical fees in workers' compensation cases are to be resolved pursuant to section 287.140.4 and 8 CSR 50–2.030 (1995). Indeed, 8CSR 50–2.030(18) specifically provides, in pertinent part, that "[t]he health care provider shall have *all rights accorded a party* under Chapter 287, RSMo., and rule 8 CSR 50–2.010 as to these limited issues." (emphasis added).

While we observe that neither the regulation nor the statute address which party bears the burden of proof in disputes regarding medical fees, nonetheless, as interpreted in *Martin* and *Metcalf*, section 287.140 provides that testimony which relates the medical treatment to the work-related injury and accompanied by the medical bills and records produces a sufficient factual basis for the payment of medical bills by the employer or insurance carrier, absent a showing by the employer or insurance carrier that such bills were not reasonable and fair. *See Martin*, 769 S.W.2d at 111–12.

■ Appellants disregard *Martin* and aver that Respondent's action and its burden of proof are controlled by the principles of "quantum meruit." Quantum meruit is a common law remedy for the enforcement of a quasi-contractual obligation and is generally based on the principle of unjust enrichment. *Landmark Systems v. Delmar Redev.*, 900 S.W.2d 258, 262 (Mo.App.1995). Where one person renders valuable services to another which the latter accepts, the law will ordinarily imply a promise to pay the reasonable value of such services. *Hospital Dev. Corp. v. Park Lane Land Co.*, 813 S.W.2d 904, 910 (Mo.App.1991). To recover under quantum meruit, the claimant must show that such services were of value or benefit to the recipient. *Id.*

■ The Commission rejected the assertion that the common law remedy of quantum meruit controlled the instant medical fee dispute between Appellants and Respondent. So do we. Respondent's action is governed by statute under the Workers' Compensation Law, specifically by section 287.140 and 8 CSR 50–2.030.

■ Accordingly, with regard to a medical fee dispute as contemplated by section 287.140 and 8 CSR 50–2.030, we hold that where a health care provider presents testimony and evidence relating medical bills to an injury and places in evidence the accompanying medical bills and records, the burden of going forward with the evidence shifts to the employer or insurance carrier to prove that such medical bills were unreasonable and unfair. *See generally Martin*, 769 S.W.2d at 111–12; *Metcalf*, 946 S.W.2d at 287–88. Here, Appellants failed to produce any evidence or testimony to establish that Respondent's medical bill was unreasonable and unfair.

■ We now address Appellants' remaining contention that Respondent failed to meet its burden of proof regarding its medical bill.

Initially, we note that the parties stipulated that Respondent's medical services and its associated bill were authorized and were solely related to the work-related injury suffered by Employee. We also note that Respondent's medical bills and records related to Employee's treatment were admitted in evidence without objection.

Ms. Sharon Hughes is the collection supervisor for Cox Medical Centers. Ms. Gail Farrell is the director of billing and audit for Cox Medical Centers. Ms. Hughes and Ms. Farrell testified as to the general content of the bills, the medical services provided to Employee, that the service provided to Employee was related to Employee's workers' compensation injury, and to the amount in dispute. They indicated that the charges made by the medical center are the same regardless of whether the bill is forwarded to an insurance company or an individual. Ms. Farrell also testified that she reviewed Employee's medical records and the disputed

items which led to Appellants' adjustment of Respondent's bill. Ms. Farrell testified that she was familiar with the cost of a laminectomy in general. She said that she failed to find any charges which were outlandish or high. None of the disputed charges were unreasonable in Ms. Farrell's opinion.

Based on the stipulations, evidence and testimony presented to the Commission, we determine that the Commission's findings and award are supported by competent and substantial evidence. *See Coloney,* 952 S.W.2d at 758. We also determine that the Commission's findings and award are not contrary to the overwhelming weight of the evidence, nor did we find any error in law. *See id.* Point denied.

The Commission's findings and award are affirmed.

PARRISH, P.J., and SHRUM, J., concur.