**Lyllis A. THOMPSON, Appellant,**

v.

**MISSOURI VETERANS' HOME and Missouri Office of Administration/CARO, Respondents.**

No. 24108.

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 24, 2001.

Motion for Rehearing or Transfer Denied
Oct. 17, 2001.

Application for Transfer Denied
Nov. 20, 2001.

Steven E. Marsh, Springfield, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Shari Lynn Lockhart, Asst. Atty. Gen., Jefferson City, for Respondent.

BARNEY, Chief Judge.

Lyllis Thompson ("Claimant") sustained a compensable, work-related back injury on September 4, 1992, at the Missouri Veterans Home ("MVH"), where she worked 40 hours a week on a per day schedule from 11:00 p.m. to 7:00 a.m. Concurrent with her employment at MVH, Claimant also worked 40 hours a week on a per day schedule from 2:30 p.m. to 10:30 p.m. at Good Shepherd Nursing Home ("Good Shepherd").

In its final award the Missouri Labor and Industrial Relations Commission ("the Commission") awarded Claimant permanent, partial disability benefits and temporary, total disability benefits based solely on Claimant's earnings derived from her employment at MVH. In so doing, the Commission expressly rejected Claimant's contention, which she now advances in this appeal, that generally, under sections 287.250, RSMo Cum.Supp.1992 (involving computation of an employee's average weekly wage for statutory compensation purposes) and 287.800, RSMo 1994 (the liberal construction provision of Chapter 287), her wages earned at Good Shepherd should have been factored in calculating her wage rate at the time of her 1992 injury. We determine that Claimant's point lacks merit and we affirm the Commission's final award.

In our review, we disturb the decision of the Commission "only if we find that: (1) it acted without or in excess of its powers; (2) the decision was procured by fraud; (3) the facts found by the Commission do not support the award; or (4) the record lacks sufficient competent evidence to warrant the making of the award." *Moriarty v. City of Kirksville,* 975 S.W.2d 215, 219 (Mo.App.1998).

"In determining whether the record possesses sufficient competent evidence to support the Commission's findings and award, we apply a two-step process." *Id.; see Davis v. Research Med. Ctr.,* 903 S.W.2d 557, 571 (Mo.App.1995). Under each step, we view the evidence and reasonable inferences drawn therefrom in a light most favorable to the award. We initially examine the whole record to determine if the record contains sufficient competent and substantial evidence to support the award. *Moriarty,* 975 S.W.2d at 219; *Davis,* 903 S.W.2d at 571.

If we find that there is sufficient competent evidence supporting the award, we move to the second step and consider all evidence in the record, including that evidence which opposes or is unfavorable to the award, taking into account the overall effect of all the evidence and we determine whether the award is against the overwhelming weight of the evidence. *Moriarty,* 975 S.W.2d at 219; *Davis,* 903 S.W.2d at 571. " 'However, findings and

awards of the Commission which are clearly the interpretation or application of the law, as distinguished from a determination of facts, are not binding on us and fall within our province of independent review and correction where erroneous.'" *Moriarty,* 975 S.W.2d at 219 (quoting *Davis,* 903 S.W.2d at 571); *see Esquivel v. Day's Inn of Branson,* 959 S.W.2d 486, 488 (Mo. App.1998).

■ We divide our discussion of Claimant's sole point into two parts for the sake of clarity. We first observe, however, that in 1993 the Missouri General Assembly significantly overhauled Chapter 287 of the Workers' Compensation Law. Hence, for the first time, employees employed by multiple or concurrent employers may recover wages from their second employment, up to a statutory maximum, rather than not recover for the second employment at all as was previously the case. *See Hillyard v. Hutter Oil Co.,* 978 S.W.2d 75, 77 (Mo.App.1998); *Glazebrook v. Hazelwood School Dist.,* 498 S.W.2d 823, 827 (Mo.App.1973). Prior to that time, except for section 287.130, RSMo 1986, relating to an employee in the *joint service* of two or more employers, "Chapter 287 made no special provisions for employees who had multiple or concurrent employers." *Hillyard,* 978 S.W.2d at 77. "Thus, even when an employee had more than one job, the only employer liable was the one for whom the employee was working when injured." *Id.* "The wage base and compensation rate for such an employee was based solely on what he earned on the job where the injury occurred." *Id.; see Glazebrook v. Hazelwood School Dist.,* 498 S.W.2d at 826–29.

■ In her argument, Claimant acknowledges that in interpreting § 287.250(1), RSMo 1969, which provision remained largely unchanged until 1992, the *Glazebrook* court determined that a claimant employed in two related employments for different employers was not entitled to have combined income from both in determining average wage upon which compensation was to be based. *See id.* at 826–27.[1] Nevertheless, Claimant points out that in *dicta* in the same case the Court observed that but for the specific references to the "same employer" language in § 287.250(1), RSMo 1969 "it could be liberally construed to include 'salary, wages, or earnings' from all employment in which the employee is engaged...." *Id.* at 826. Claimant also maintains that *Glazebrook* indicated that absent such "same employer" language found in " § 287.250 would require a compensation rate based on an employee's combined earnings from multiple employers," and that this was "consistent with the comments made by the Kansas City Court of Appeals in [*Equity Mut. Ins. Co. v.*] *Kroger Grocery* [*& Baking Co.,* 238 Mo. App. 4, 175 S.W.2d 153, 160 (1943)]." We disagree.

In *Equity Mutual* the employee was *jointly* employed as a night watchman by several different concerns that all contributed to his pay. Furthermore, the decision in *Equity Mutual* was premised on the predecessor version of section 287.130, RSMo 1986, which specifically addressed the joint and several liability for an injury occurring in a situation where an employee was performing *one job for more than one employer. Id.* at 158–61. In the instant matter, Claimant was performing *two separate jobs for two separate employers.* Neither section 287.130, RSMo 1986, *su-*

---

1. *Hillyard* cited *Glazebrook* for the proposition that when an employee had more than one job, the only employer liable was the one for whom the employee was working when injured. *See Hillyard,* 978 S.W.2d at 77.

*pra*, nor *Equity Mutual* involved such a circumstance. Accordingly, *Equity Mutual* does not aid Claimant's argument.

■ Additionally, while § 287.250, RSMo Cum.Supp.1992 made no mention of the "same employer" language as previously existed, neither did the enactment expressly authorize an employee employed by multiple or concurrent employers to recover from their second employment. "In matters of statutory construction, the intent of the legislature controls." *Hillyard*, 978 S.W.2d at 78. "The only subordinate cannons of construction that should be used are those which 'subserve rather than subvert legislative intent.'" *Id.* (quoting *Tribune Publ'g Co. v. Curators of Univ. of Mo.*, 661 S.W.2d 575, 583 (Mo. App.1983)).

■ "While we recognize that in our review a liberal construction of the Act in favor of claimants is required ... this principle may not be extended so far as to negate what we believe to be the intent of the legislature." *Simpson v. Dale E. Saunchegrow Const.*, 965 S.W.2d 899, 905 (Mo.App.1998). Our view is reinforced by the fact that in 1993 the General Assembly enacted § 287.250.8, which *expressly* provided that:

> For an employee with multiple employments, the employee's total average weekly wage shall be equal to the sum of the total average weekly wage computed separately for each employment pursuant to the provisions of this section to which the employee is unable to return because of the injury.

§ 287.250.8, RSMo Cum.Supp.1993. We must presume that the legislature is "aware of the state of the law at the time it enacts a statute." *Martinez v. State*, 24 S.W.3d 10, 17 (Mo.App.2000), and that no such right of recovery from a second employment existed under the Workers Compensation Act prior to 1993.[2]

We now turn to the remaining issue encompassed by Claimant's sole point on appeal—that under section 287.250.4 RSMo Cum.Supp.1992, the Commission was empowered to consider the "unusual fact situation" relating to her second employment in determining her average weekly wage for purposes of worker's compensation. In failing to do so Claimant maintains that the Commission erred.[3]

We observe that "[c]ompensation rates for purposes of workers' compensation benefits are calculated according to § 287.250." *Oberley v. Oberley Engineering, Inc.*, 940 S.W.2d 953, 955–56 (Mo.App. 1997). "Statutory formulas for calculating benefits are set forth in § 287.250.1–3. They are based on the amount of 'average weekly wage' an employee received from his or her employer." *Id.* at 956. "Section 287.250.4 prescribes how benefits are determined if an employee's 'average weekly wage' cannot be determined by applying the statutory formulas." *Id.*

■ Unlike the factual scenarios set out in *Oberley*, 940 S.W.2d at 953–54 (involving calculation of the wages of an executive who was a licensed engineer, president and sole shareholder of a corporation); and *Ash v. Ahal Contracting Co.*, 916 S.W.2d 439, 441 (Mo.App.1996) (de-

---

2. Claimant does not argue that she is retroactively entitled to the benefits of § 287.250.8, RSMo Cum.Supp.1993.

3. Section 287.250.4, RSMo Cum.Supp.1992 reads:

> If pursuant to this section the average weekly wage cannot fairly and justly be determined by the formulas provided in subsections 1 to 3 of this section, the division or the commission may determine the average weekly wage in such manner and by such method as, in the opinion of the division or the commission, based upon exceptional facts presented, fairly determine such employee's average weekly wage.

termining wages based on the intermittent and part-time nature of an "as-needed" employee out of a local union hall), in the instant case there appears to be no dispute as to how to *calculate* the average weekly wage from either of Claimant's forty-hour-a-week jobs. In the former two cases the Commission properly turned to section 287.250.4 in calculating the respective, average weekly wages of the employees involved because of the *exceptional facts* presented in each case. In the case under review, it is our view that no exceptional facts existed which made it difficult to calculate Claimant's average weekly wages. Rather, the sole dispute centered around whether Claimant's wages from Good Shepherd should have been considered at all. We have concluded that they could not. Point denied.

The final award of the Commission is affirmed.

SHRUM and MONTGOMERY, JJ., concur.